■ JOHN TASSO, Appellant, v AETNA INSURANCE COMPANY et al., Respondents. [668 NYS2d 644] —In an action, *inter alia,* for a judgment declaring that the defendant Atlantic Mutual Insurance Company has a duty to defend and indemnify the plaintiff in an action entitled *Doe v Neilson,* pending in the Supreme Court, Dutchess County, under Index No. 4416/94, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Dutchess County (Beisner, J.), entered December 20, 1996, which (1) granted the motion by the defendant Atlantic Mutual Insurance Company for summary judgment dismissing the complaint, (2) declared that the defendant Atlantic Mutual Insurance Company had no duty to defend or indemnify the plaintiff in *Doe v Neilson,* pending in the Supreme Court, Dutchess County, under Index No. 4416/94, and (3) denied the plaintiff's cross motion to compel the defendant Atlantic Mutual Insurance Company to defend him in *Doe v Neilson.*

Ordered that the order and judgment is affirmed, with costs.

The Supreme Court properly declared that the defendant Atlantic Mutual Insurance Company had no duty to defend or indemnify the plaintiff in *Doe v Neilson,* pending in the Supreme Court, Dutchess County, under Index No. 4416/94. The injuries alleged in *Doe v Neilson* grow out of an alleged rape of Doe. Since the policy under which the plaintiff seeks to recover provides coverage for accidentally-caused injuries but clearly excludes coverage for injuries caused by an intentional act such as rape, there was no basis under which the carrier might be compelled to indemnify or defend the plaintiff (*see, Mount Vernon Fire Ins. Co., v Creative Hous.,* 88 NY2d 347; *U.S. Underwriters Ins. Co. v Val-Blue Corp.,* 85 NY2d 821; *Pistolesi v Nationwide Mut. Fire Ins. Co.,* 223 AD2d 94; *Ward v Security Mut. Ins. Co.,* 192 AD2d 1000).

The plaintiff's remaining contentions are without merit. Joy, J. P., Krausman, Florio and McGinity, JJ., concur.