■ NEW YORK CITY HOUSING AUTHORITY, Appellant, v COMMERCIAL UNION INSURANCE COMPANY, Respondent. [734 NYS2d

590] —In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an action entitled *Campos v New York City Housing Authority,* pending in the Supreme Court, Queens County, under Index No. 10934/96, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Glover, J.), entered September 28, 2000, which denied its motion for summary judgment and, upon searching the record, granted summary judgment to the defendant and declared that the defendant is not obligated to defend, indemnify, or reimburse the plaintiff for attorney's fees, costs, and disbursements in the underlying action.

Ordered that the order and judgment is modified, on the law, by (1) deleting the provision thereof denying that branch of the motion which was for summary judgment declaring that the defendant is obligated to defend the plaintiff in the underlying action and reimburse it for attorney's fees, costs, and disbursements previously incurred in defense of that action, and substituting therefor a provision granting that branch of the motion and making that declaration, and (2) deleting therefrom the provisions thereof, which upon searching the record, granted summary judgment to the defendant declaring that it is not obligated to defend or indemnify the plaintiff in the underlying action or to reimburse it for attorney's fees, costs, and disbursements previously incurred in the defense of that action; as so modified, the order and judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

An insurer's duty to defend is broader than the duty to indemnify and arises whenever the allegations of the complaint against the insured, liberally construed, potentially fall within the scope of the risks undertaken by the insurer (*see, Frontier Insulation Contrs. v Merchants Mut. Ins. Co.,* 91 NY2d 169). If any of the claims against the insured arguably arise from covered events, the insurer is required to defend the entire action (*see, Fitzpatrick v American Honda Motor Co.,* 78 NY2d 61). Here, the complaint in the underlying personal injury action contains allegations that bring the loss within the scope of the subject policy. Accordingly, the Supreme Court improperly determined that the defendant, Commercial Union Insurance Company (hereinafter Commercial Union), was not obligated to defend the plaintiff, New York City Housing Authority (hereinafter NYCHA), in the underlying action (*see, Town of Oyster Bay v Employers Ins.,* 269 AD2d 387).

While the duty to defend is based on the allegations in the complaint, the duty to indemnify is based on whether the loss is covered by the policy (*see, Servidone Constr. Corp. v Security Ins. Co.,* 64 NY2d 419). The burden is on the insurer to establish that the loss does not fall within the policy (*see, Servidone Constr. Corp. v Security Ins. Co., supra*). Commercial Union did not establish, prima facie, that the underlying incident was not covered by the policy. Accordingly, the Supreme Court erred in declaring as a matter of law that Commercial Union was not obligated to indemnify NYCHA. However, since it cannot be determined as a matter of law whether the incident is covered by the subject policy, summary judgment was properly denied to NYCHA on the issue of Commercial Union's duty to indemnify it. Accordingly, this matter is remitted to the Supreme Court, Queens County, for a trial on the issue of indemnity. Friedmann, J. P., Smith, Adams and Cozier, JJ., concur.