■ PHYSICIANS' RECIPROCAL INSURERS, Appellant, v THOMAS W. LOEB et al., Respondents. [738 NYS2d 68] —In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendants Thomas W. Loeb and Thomas W. Loeb, M.D., P.C., in an underlying action entitled *Sabia v Loeb,* pending in the Supreme Court, New York County, under Index No. 114210/1999, the plaintiff appeals from an order of the Supreme Court, Nassau County (De Maro, J.), dated October 2, 2000, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the plaintiff, Physicians' Reciprocal Insurers, is not obligated to defend or indemnify the defendants Thomas W. Loeb and Thomas W. Loeb, M.D., P.C., in the underlying

action entitled *Sabia v Loeb,* pending in the Supreme Court, New York County, under Index No. 114210/1999.

The Supreme Court erred in denying the motion of the plaintiff, Physicians' Reciprocal Insurer (hereinafter PRI), for summary judgment declaring that it had no duty to defend or indemnify the defendants Thomas W. Loeb and Thomas W. Loeb, M.D., P.C. (hereinafter collectively Dr. Loeb), in the underlying action. The duty of an insurer to defend its insured arises whenever the allegations within the four corners of the underlying complaint potentially give rise to a covered claim, or where the insurer "has actual knowledge of facts establishing a reasonable possibility of coverage" (*Fitzpatrick v American Honda Motor Co.,* 78 NY2d 61, 65-67; *see, Frontier Insulation Contrs. v Merchants Mut. Ins. Co.,* 91 NY2d 169, 175). To be relieved of its duty to defend on the basis of a policy exclusion, the insurer bears the heavy burden of demonstrating that the allegations of the complaint in the underlying action cast the pleadings wholly within that exclusion, that the exclusion is subject to no other reasonable interpretation, and that there is no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision (*see, Continental Cas. Co. v Rapid-American Corp.,* 80 NY2d 640, 652; *Allstate Ins. Co. v Zuk,* 78 NY2d 41, 45). If any of the claims against the insured arguably arise from covered events, the insurer is required to defend the entire action (*see, Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 311).

PRI sustained its burden of demonstrating, in the first instance, that "the allegations of the complaint [in the underlying action] cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, *in toto,* are subject to no other interpretation" (*International Paper Co. v Continental Cas. Co.,* 35 NY2d 322, 325; *see, Allstate Ins. Co. v Mugavero,* 79 NY2d 153, 159). PRI also established that there was no possible factual or legal basis upon which it may eventually be obligated to indemnify the insured under any policy provision (*see, Fitzpatrick v American Honda Motor Co., supra* at 65-67).

The complaint in the underlying action alleges that Dr. Loeb committed intentional and reckless acts of a sexual nature. During all of the conduct the alleged victim was both Dr. Loeb's patient and his employee. The alleged victim claims that she was terminated from her employment with Dr. Loeb when she refused to tolerate his sexual advances and engage in sexual conduct with him. The complaint seeks damages, inter alia, for

lost wages and employment benefits, mental anguish, assault and battery, false imprisonment, and negligence, carelessness, and recklessness. The complaint contains no specific cause of action charging Dr. Loeb with medical malpractice.

Dr. Loeb moved, inter alia, to dismiss the fourth cause of action in the complaint in the underlying action. He argued that to the extent that the complaint attempted to plead a cause of action to recover damages for medical malpractice, it was deficient. Dr. Loeb also asserted that the alleged victim could not convert her cause of action based on negligence into a medical malpractice claim. The alleged victim argued in opposition that the fourth cause of action alleging negligence arose out of the parties' physician-patient relationship and that Dr. Loeb committed medical malpractice (*see, Sabia v Loeb*, Sup Ct, NY County, Feb. 4, 2000, Bransten, J., Index No. 114210/1999). After reviewing the pleadings and the papers submitted in support of and in opposition to the motion, the Supreme Court, New York County, determined that the cause of action based on negligence was not connected to the alleged victim's medical treatment by Dr. Loeb, and, therefore, the complaint did not allege a cause of action to recover damages for medical malpractice (*see, Sabia v Loeb, supra*). The order was not appealed.

In the instant action both Dr. Leob and the alleged victim argue that the underlying action involves causes of action based on medical malpractice. Their arguments, however, are barred by the doctrine of collateral estoppel. This doctrine of issue preclusion conserves judicial resources; it prevents repetitive litigation and potentially inconsistent judgments by providing, in general, that once a particular question of fact has been decided in one judicial forum, that same question of fact may not be reopened for further litigation in the context of a subsequent judicial proceeding (*see, Ryan v New York Tel. Co.*, 62 NY2d 494, 499-500; *Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481, 485; *Sun Ins. Co. of N.Y. v Hercules Sec. Unlimited*, 195 AD2d 24, 31). This doctrine may only be applied in the subsequent proceeding to the detriment of a party who in the prior proceeding, "had a full and fair opportunity to contest the dispositive decision, or was in privity with one who did" (*Continental Cas. Co. v Rapid-American Corp., supra* at 649, *see, Gramatan Home Invs. Corp. v Lopez, supra* at 485-486; *D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 665-666).

Here, both Dr. Loeb and the alleged victim had a full and fair opportunity to litigate whether the pleadings in the underlying action asserted a cause of action to recover damages for medical malpractice. Dr. Loeb succeeded in eliminat-

ing any such cause of action and he cannot now take a contrary position. The issue of whether the underlying action contains a cause of action based on medical malpractice has been foreclosed by the order of the Supreme Court, New York County. Thus, no claim exists in the underlying action which establishes a reasonable possibility of coverage (*cf., Fitzpatrick v American Honda Motor Co., supra* at 65-67).

The insurance policy issued by the plaintiff to Dr. Loeb provides coverage for claims arising from rendering or failing to render professional services, but clearly excludes coverage for any claim that results from sexual intimacy, sexual molestation, sexual harassment, sexual exploitation, or sexual assault, as well as willful, fraudulent, or malicious civil or criminal acts, and claims of false imprisonment.

In opposition to PRI's prima facie showing of entitlement to judgment as a matter of law, the defendants failed to raise a triable issue of fact as to whether the underlying action includes a cause of action based on medical malpractice or otherwise seeks damages as a result of Dr. Loeb's surgical and medical treatment of the alleged victim. Because the factual allegations in the underlying complaint concern Dr. Loeb's intentional sexual conduct, and the operative acts giving rise to any recovery are the alleged sexual assaults by Dr. Loeb, none of which are covered by the insurance policy, there is no basis to direct PRI to defend or indemnify Dr. Loeb (*see, Allstate Ins. Co. v Mugavero, supra* at 163; *Technicon Elecs. Corp. v American Home Assur. Co.,* 74 NY2d 66, 73-74; *Sanabria v American Home Assur. Co.,* 68 NY2d 866, 868; *General Acc. Ins. Co. v 35 Jackson Ave. Corp.,* 258 AD2d 616, 617; *Physicians' Reciprocal Insurers v Blank,* 258 AD2d 573, 573-574; *Tasso v Aetna Ins. Co.,* 247 AD2d 376).

Accordingly, PRI is entitled to a judgment declaring that it is not obligated to defend or indemnify the defendants Thomas W. Loeb and Thomas W. Loeb, M.D., P.C., in the underlying action entitled *Sabia v Loeb,* pending in the Supreme Court, New York County, under Index No. 114210/1999.

The appellants' remaining contentions are without merit. Ritter, J.P., Feuerstein, Friedmann and Crane, JJ., concur.