FedEx Ground Package Sys. v Transcontinental Ins. Co. (2004 NY Slip Op 50581(U))

[*1]

FedEx Ground Package Sys. v Transcontinental Ins. Co.

2004 NY Slip Op 50581(U)

Decided on April 15, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 15, 2004

Supreme Court, Kings County
FedEx Ground Package System, Inc., f/k/a RPS, Inc., Plaintiff,
against
Transcontinental Insurance Company, Defendant.
9836/03

David B. Vaughan, J.
Upon the foregoing papers, plaintiff FedEx Ground Package System, Inc. f/k/a RPS, Inc. (FedEx) moves for an order, pursuant to CPLR 3212, granting summary judgment declaring that defendant Transcontinental Insurance Company (TCI) is obligated to defend and indemnify it in the underlying personal injury action and is obligated to reimburse FedEx for the entire cost of its defense incurred so far in such action. Defendant TCI cross-moves for an order dismissing FedEx's complaint in its entirety, or, alternatively, dismissing each cause of action separately.
This action arises out of an accident which occurred in May 1998 at the FedEx facility located at 300 Maspeth Avenue in Brooklyn. Patrick Grisafi, the plaintiff in the underlying personal injury action, allegedly sustained injuries when he fell through a roof canopy while cleaning debris. FedEx had previously contracted with Ideal Roofing (Ideal) to replace a roof at its facility. Ideal [*2]subcontracted certain duties to Grisafi's employer, Starcross Maintenance & Repair Company (Starcross). Grisafi's complaint alleges negligence on the part of FedEx and Ideal. Prior to the subject accident, TCI issued an insurance policy to Ideal, which provided coverage to FedEx as additional insured, for claims arising out of Ideal's work.
On February 23, 2001, FedEx sent notice to TCI of Grisafi's claim and of its request for TCI to defend and, if necessary, indemnify it in the underlying action. However, the address on that letter was incorrect and TCI claims that the letter was never received. FedEx notified TCI again in a letter dated March 20, 2002, which TCI received and acknowledged. In its reply, dated June 11, 2002, TCI stated that it was refusing to defend FedEx at that time based upon the possible negligence of FedEx. TCI also requested additional information. TCI issued a disclaimer on August 8, 2002 on the ground that Ideal's policy did not require TCI's coverage to constitute the primary insurance for Ideal. TCI asserts that its additional insured coverage is excess over other insurance unless the contract specifically requires that the insurance constitute the primary coverage. FedEx subsequently commenced the instant action.
FedEx maintained an insurance policy with Protective Insurance Company (Protective), which provided coverage of $10,000,000, less a $2,000,000 self-insured retention. FedEx argues that Protective has no obligation to defend and indemnify FedEx until the limits of the TCI policy are exhausted since it claims that a self-insured retention does not constitute "other insurance." In In the Matter of the Liquidation of Midland Ins. Co.(269 AD2d 50), the court found that an "other insurance" provision like the one in Ideal's policy does not encompass self-insured retention. Whether or not the TCI policy is considered primary, FedEx's self-insured retention does not relieve TCI of its obligations to FedEx as an additional insured.
Ideal maintained an insurance policy with TCI that provided coverage for additional insureds; however, coverage was not provided for injuries arising out of "acts or omissions of the additional insured other than in connection with 'your work'". TCI asserts that it is not obligated to defend or indemnify FedEx because Grisafi's accident did not arise out of work contemplated in the contract. TCI claims that since the canopy was not specifically included in the contract for roof replacement, Grisafi's actions in cleaning debris from the canopy did not arise out of Ideal's work for FedEx and were not covered by the insurance policy. TCI further argues that the accident may have been caused by "acts or omissions" on the part of FedEx, not related to FedEx's supervision of the work, which would not be covered by the policy.
FedEx asserts that TCI failed to issue a timely disclaimer in compliance with Insurance Law § 3420 (d). Since the notice sent by FedEx on February 23, 2001was mailed to an incorrect address, the first effective notice to TCI was the one dated March 20, 2002. TCI responded a little over two months later, with a partial disclaimer and a request for additional information. After FedEx provided the requested information, TCI issued a final disclaimer on August 8, 2002. TCI asserts that any delay was spent researching and analyzing the claim since FedEx's initial notice did not contain all of the information TCI needed in order to issue a disclaimer. The reasonableness of the timing of a disclaimer will be measured from the time the insurer had all of the information it needed to disclaim (see Mann v Gulf Ins. Co., ___AD3d___, 771 NYS2d 176). In this case, TCI requested information from FedEx regarding the contracts involved and issued a final disclaimer approximately two months after receiving the requested information. Courts have recognized the balance between the insurer's responsibility to investigate claims and the insured's right to receive [*3]a prompt response to a claim, noting that the burden is on the insurer to justify any delay (see Mount Vernon Fire Ins. v Harris, 193 F Supp 2d 674). In this case, the court cannot find that TCI acted unreasonably in investigating FedEx's claims (id.; see also Farmbrew Realty Corp. v Tower Ins. Co. of New York, 289 AD2d 284).
"An insurer's duty to defend is broader than the duty to indemnify and arises whenever the allegations of the complaint against the insured, liberally construed, potentially fall within the scope of the risks undertaken by the insurer" (New York City Hous. Auth. v Commercial Union Ins. Co., 289 AD2d 311, 312). A declaration that an insurer is not obligated to defend a pending action can be made only if it can be concluded "as a matter of law that there is no possible factual or legal basis" on which the insurer "might eventually be held to be obligated to indemnify [the insured] under any provision of the policy" (Servidone Constr. Co. v Security Ins. Co., 64 NY2d 419, 424).
 Here, the actions alleged in Grisafi's complaint could potentially fall within the scope of the risks undertaken by TCI. Although TCI claims that the original complaint alleges only that defendants provided negligent flooring, which would not be included in a contract to provide roofing, the complaint also includes "other protective covering on which to stand, walk, and/or work." At the time of the accident, plaintiff was standing on top of a canopy roof, cleaning debris from the canopy. The president of Ideal Roofing acknowledged that his understanding of the contract included cleaning the work area. It is certainly within the realm of possibility that the facts alleged in the underlying complaint, when liberally construed, could fall within the coverage of TCI's policy and that Grisafi's cleaning of the canopy arose out of the "work" for FedEx contemplated in Ideal's insurance policy. The first notice sent by FedEx to the correct address was dated March 20, 2002. Thus, TCI's duty to defend can fairly be determined to have begun on that date.
The duty to indemnify is much narrower than the duty to defend and is measured by the actual basis for the insured 's liability to a third person (id.). TCI argues that FedEx was negligent in maintaining the canopy through which Grisafi fell. Although TCI presents no evidence to support such an assertion, FedEx has not shown that the canopy was maintained in a safe condition. It is well settled that when there are issues of fact as to whose negligence, if any, caused an accident, it is premature to reach the issue of contractual indemnification in a summary judgment motion (see Pirrotta v EklecCo, 292 AD2d 362; Barnes v DeFoe/Halmar, 271 AD2d 387; Chun v Ecco III Enter., 268 AD2d 454). Contrary to TCI's assertion, this court can find that TCI is obligated to defend FedEx in the underlying action without deciding whether or not indemnification is required at this juncture (see Servidone, 64 NY2d at 424).
Accordingly, that portion of FedEx's motion for an order declaring that TCI is obligated to defend it in the underlying action and to reimburse it for reasonable legal fees incurred since March 20, 2002 is granted. That portion of FedEx's motion for an order declaring that TCI is obligated to indemnify it in the underlying action is denied. TCI's cross motion is denied.
The foregoing constitutes the decision and order of this court.
E N T E R,
_____________________________________
J. S. C.