■ JOSEPH BELSITO, Appellant, v STATE FARM MUTUAL INSURANCE COMPANY, Respondent. [811 NYS2d 762]—

In an action to recover damages for breach of contract and for a judgment declaring that the defendant is obligated to defend or indemnify the plaintiff in an underlying federal action pending in the United States District Court for the Southern District of New York, entitled *Hudson Val. Webmasters v Belsito Communications,* Civil Action No. 03 CV 8137, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Slobod, J.), dated December 16, 2004, which, upon an order of the same court dated August 6, 2004, denying his motion, inter alia, for summary judgment, and granting the cross motion of the defendant for summary judgment, declared that the defendant is not obligated to defend or indemnify the plaintiff in the underlying federal action.

Ordered that the judgment is affirmed, with costs.

The duty of an insurer to defend is broader than the duty to indemnify (*see Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304 [1984]; *Ruder & Finn v Seaboard Sur. Co.,* 52 NY2d 663 [1981]; *Lehrer McGovern Bovis v Halsey Constr. Corp.,* 254 AD2d 335 [1998]). "The duty of an insurer to defend its insured arises whenever the allegations within the four corners of the underlying complaint potentially give rise to a covered claim" (*Physicians' Reciprocal Insurers v Loeb,* 291 AD2d 541, 542 [2002]). The duty to indemnify on the part of an insurer requires a determination that the insured is liable for a loss that is covered by the policy (*see Servidone Constr.*

*Corp. v Security Ins. Co. of Hartford*, 64 NY2d 419 [1985]; *Lehrer McGovern Bovis v Halsey Constr. Corp., supra).* Generally, the burden is on the insured to establish coverage in the first instance (*see Consolidated Edison Co. of N.Y. v Allstate Ins. Co.*, 98 NY2d 208 [2002]). Here, the record does not demonstrate that the allegations made in the underlying federal complaint potentially gave rise to a claim covered by the insurance policy at issue. Consequently, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment and properly granted the defendant's cross motion for summary judgment declaring that it did not have a duty to defend or indemnify the plaintiff in the underlying federal action. Miller, J.P., Mastro, Fisher and Lunn, JJ., concur.