■ PHYSICIANS' RECIPROCAL INSURERS, Appellant, v JAMES E. GIUGLIANO et al., Respondents. [830 NYS2d 225]—

In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant James E. Giugliano, D.O., in an underlying action entitled *Dupree v Giugliano*, pending in the Supreme Court, Suffolk County, under index No. 19557/04, the plaintiff appeals from an order of the Supreme Court, Nassau County (Galasso, J.), dated October 31, 2005, which denied its motion for summary judgment declaring that it is not obligated to defend or indemnify the defendant James E. Giugliano, D.O., in the underlying action and granted the cross motion of the defendant James E. Giugliano, D.O., for partial summary judgment declaring that the plaintiff is obligated to defend him in the underlying action.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment declaring that it is not obligated to defend or indemnify the defendant James E. Giugliano, D.O., in the underlying action entitled *Dupree v Giugliano*, pending in Supreme Court, Suffolk County, under index No., 19557/04, is granted, the cross motion of the defendant James E. Giugliano, D.O., for partial summary judgment declaring that the plaintiff is obligated to defend him in the underlying action is denied, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment.

The plaintiff, Physicians' Reciprocal Insurers (hereinafter PRI), issued a primary and an excess medical practice profes-

sional liability insurance policy to the defendant James E. Giugliano, D.O. (hereinafter Dr. Giugliano). While each of these policies states that PRI will pay damages and defend the insured for claims that arise from rendering or failing to render professional services, each of these policies excludes from coverage, inter alia, "[a]ny CLAIM which results from sexual intimacy, sexual molestation, sexual harassment, sexual exploitation or sexual assault."

On August 13, 2004 the defendant Kristin Kahkonen Dupree (hereinafter Dupree) commenced an action against Dr. Giugliano (hereinafter the Dupree action), alleging that she was Dr. Giugliano's patient, and that he breached his duty of reasonable care to her by, inter alia, engaging in a sexual relationship with her from May 2001 to March 2002 while treating her for depression. PRI thereafter disclaimed any obligation to defend or indemnify Dr. Giugliano in connection with the Dupree action. By order dated January 20, 2005 the Supreme Court dismissed Dupree's complaint, without prejudice, on the ground that it could not ascertain from the face of the complaint whether the cause of action was one alleging negligence or intentional conduct.

Dupree subsequently served an amended complaint (hereinafter the amended complaint) against Dr. Giugliano, alleging as a first cause of action that he acted negligently by engaging in sexual contact with her while he was treating her for depression. As a second cause of action, she alleged that the presence of aggravating factors rendered Dr. Giugliano's actions reckless. By order dated July 25, 2005 the Supreme Court denied Dr. Giugliano's motion to dismiss the amended complaint in the Dupree action, finding that Dupree had timely commenced that action against Dr. Giugliano.

On May 16, 2005 PRI commenced the instant action against Dr. Giugliano and Dupree, seeking a judgment declaring, inter alia, that it was not obligated to defend or indemnify Dr. Giugliano in the underlying Dupree action because the claims asserted in that action were expressly excluded from coverage under the terms of the policy and excess policy. PRI moved for summary judgment on its cause of action for declaratory relief. Dr. Giugliano cross-moved, inter alia, for partial summary judgment declaring that, at a minium, PRI had a duty to defend him in the underlying Dupree action.

The Supreme Court denied PRI's motion "in all respects," with leave to renew after completion of discovery. The court also granted Dr. Giugliano's cross motion for partial summary judgment "insofar as PRI has a duty to defend unless and until

the undersigned rules otherwise should plaintiff renew its application." We reverse.

PRI demonstrated its entitlement to judgment as a matter of law on the issue of whether it had a duty to defend or indemnify Dr. Giugliano (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). It is well established that "[t]he duty of an insurer to defend its insured arises whenever the allegations within the four corners of the underlying complaint potentially give rise to a covered claim" (*Physicians' Reciprocal Insurers v Loeb*, 291 AD2d 541, 542 [2002]), or whenever the insurer "has actual knowledge of facts establishing a reasonable possibility of coverage" (*Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 67 [1991]). Nonetheless, "an insurer can be relieved of its duty to defend if it establishes as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision" (*Allstate Ins. Co. v Zuk*, 78 NY2d 41, 45 [1991]; *see Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 652 [1993]).

Here, PRI sustained its burden of demonstrating that the allegations of the amended complaint in the Dupree action "cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, *in toto*, are subject to no other interpretation" (*International Paper Co. v Continental Cas. Co.*, 35 NY2d 322, 325 [1974]; *see Physicians' Reciprocal Insurers v Loeb, supra* at 542). Dupree's amended complaint alleged solely that Dr. Giugliano acted negligently by engaging in sexual contact with her, and did not indicate any misconduct by Dr. Giugliano beyond this alleged sexual contact. The insurance policies issued by PRI to Dr. Giugliano clearly exclude "coverage for any claim that results from sexual intimacy, sexual molestation, sexual harassment, sexual exploitation, or sexual assault, as well as willful, fraudulent, or malicious civil or criminal acts, and claims of false imprisonment" (*Physicians' Reciprocal Insurers v Loeb, supra* at 544; *see Physicians' Reciprocal Insurers v Blank*, 258 AD2d 573, 573-574 [1999]). Accordingly, PRI established, prima facie, that it has no duty to defend Dr. Giugliano because the allegations within the four corners of the amended complaint in the Dupree action did not potentially give rise to a covered claim (*see Fitzpatrick v American Honda Motor Co., supra* at 65-67; *Physicians' Reciprocal Insurers v Loeb, supra* at 542).

In opposition, Dr. Giugliano failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp., supra* at 324; *Zuckerman v City of New York, supra* at 562). Dr. Giugliano claims that the

complaint could be read as alleging that the initial diagnosis was incorrect as to the severity of Dupree's depression, so that the prescribed course of treatment was ineffective. Alternatively, Dr. Giugliano claims that a reasonable reading of the amended complaint suggests that while the diagnosis was correct, Dupree had an adverse reaction to the particular combination of drugs that was prescribed, as a result of which her condition worsened. Dr. Giugliano finally claims that another reasonable reading of the amended complaint is that the medications were simply ineffective either in that particular combination, or in the particular dosages prescribed, and that a failure to note this and to change her medication led to a worsening of her condition.

These interpretations of the amended complaint in the Dupree action are contradicted by a plain reading of the amended complaint, in which every allegation of misconduct relates to the alleged sexual contact between Dr. Giugliano and Dupree. In any event, Dr. Giugliano's arguments constitute mere speculation insufficient to raise a triable issue of fact (*see Platt v Wolman*, 29 AD3d 663 [2006]).

Dr. Giugliano's citations to *Chung v Physicians Reciprocal Insurers* (221 AD2d 907 [1995]), and *Snyder v National Union Fire Ins. Co.* (688 F Supp 932 [1988]), are unavailing. Those cases stand for the proposition that an insurance company has a duty to defend a doctor notwithstanding a clause excluding coverage for sexual abuse when the complainant alleges that the doctor committed acts of medical malpractice separate and apart from the alleged sexual abuse (*see Snyder v National Union Fire Co., supra* at 936). Here, by contrast, Dupree has not alleged that Dr. Giugliano has committed any acts of medical malpractice separate and apart from the alleged sexual contact between Dr. Giugliano and her.

Accordingly, the Supreme Court erred in denying PRI's motion for summary judgment declaring that it is not obligated to defend or indemnify Dr. Giugliano in the underlying action entitled *Dupree v Giugliano*, pending in the Supreme Court, Suffolk County, under index No. 19557/04, and in granting Dr. Giugliano's cross motion for partial summary judgment declaring that PRI is obligated to defend him in connection with that action.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment declaring that PRI is not obligated to defend or indemnify Dr. Giugliano in the underlying action entitled *Dupree v Giugliano*, pending in Supreme Court, Suffolk County, under

index No. 19557/04 (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Schmidt, J.P., Santucci, Skelos and Covello, JJ., concur. [*See* 9 Misc 3d 1125(A), 2005 NY Slip Op 51788(U) (2005).]