AMIN R. ELASHKER, Appellant, v MEDICAL LIABILITY MUTUAL INSURANCE COMPANY, Respondent. [847 NYS2d 268]—

Rose, J. Appeal from an order of the Supreme Court (Bradley, J.), entered November 2, 2006 in Ulster County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.

When plaintiff was accused of sexually assaulting a nurse employed by the nursing home where he was an attending physician, he referred the nurse's claim to defendant, his medical malpractice insurance carrier. Defendant investigated and disclaimed coverage. Plaintiff then commenced this action to obtain a judgment declaring that his malpractice insurance covered the nurse's claim because, while she was a coworker at the time of the alleged assault, she had also been his patient and she had testified in her underlying action that he had been palpating her thyroid when the attack occurred. Defendant moved for summary judgment dismissing the complaint on the ground that its policy afforded no coverage of the claim in the

nurse's underlying action alleging sexual assault. Supreme Court granted defendant's motion, prompting this appeal by plaintiff.

It is well settled that "[t]he duty of an insurer to defend its insured arises whenever the allegations within the four corners of the underlying complaint potentially give rise to a covered claim, or where the insurer 'has actual knowledge of facts establishing a reasonable possibility of coverage' " (*Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169, 175 [1997], quoting *Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 67 [1991]; *see Maroney v New York Cent. Mut. Fire Ins. Co.*, 10 AD3d 778, 780 [2004], *affd* 5 NY3d 467 [2005]; *Physicians' Reciprocal Insurers v Loeb*, 291 AD2d 541, 542 [2002]). Here, on its motion for summary judgment, defendant sustained its initial burden to show that there was no coverage by citing its policy which described the claims covered as only those "brought against [plaintiff] because of Professional Services which [he] provided (or should have provided)." Defendant also showed that the nurse had not alleged such a claim because the complaint in her underlying action against her employer and others, including plaintiff, described only sexual assaults perpetrated by plaintiff as a coworker while she was performing her duties at her place of employment.

In response, plaintiff failed to raise a question of fact as to whether the claim of sexual assault came within the coverage of defendant's policy. While plaintiff submitted a few pages of deposition testimony in which the nurse described an intentional sexual contact that occurred while plaintiff was purporting to palpate her thyroid in the nursing home conference room where they had gone to work on patient files, there is no evidence that she ever complained about his professional services or asserted that his conduct was professional malpractice. In such circumstances, the thyroid examination described by the nurse merely provided the occasion for the alleged assault and did not convert plaintiff's acts into professional malpractice (*see Physicians' Reciprocal Insurers v Loeb*, 291 AD2d at 544; *compare Chung v Physicians Reciprocal Insurers*, 221 AD2d 907 [1995]). There being no coverage, any failure to timely disclaim is academic (*see State Farm Mut. Auto. Ins. Co. v Bentley*, 262 AD2d 739, 741 [1999]; *Smedes v Liberty Mut. Ins. Co.*, 206 AD2d 814, 815 [1994], *lv denied* 84 NY2d 812 [1994]).

Crew III, J.P., Peters, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, with costs.