■ YAMLETT SERRANO et al., Appellants, v REPUBLIC INSURANCE, Respondent, et al., Defendants. [852 NYS2d 288]—

In a consolidated action to recover damages for personal injuries, etc., and for a judgment declaring that the defendant Republic Insurance is obligated to defend and indemnify the defendant Jose Peixoto, Jr., in the personal injury action, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Nicolai, J.), dated January 9, 2007, which, upon an order of the same court entered December 20, 2006, denying their motion for summary judgment on the complaint insofar as asserted against the defendant Republic Insurance and granting the cross motion of the defendant Republic Insurance for summary judgment, dismissed the complaint insofar as asserted against that defendant.

Ordered that the judgment is modified, on the law, (1) by deleting the provision thereof dismissing the complaint insofar as asserted against the defendant Republic Insurance and substituting therefor a provision declaring that Republic Insurance is not obligated to defend and indemnify Jose Peixoto, Jr., in the personal injury action, and (2) by adding a provision thereto severing the action as to the remaining defendants; as so modified, the judgment is affirmed, with costs.

"The duty of an insurer to defend its insured arises whenever the allegations within the four corners of the underlying complaint potentially give rise to a covered claim" (*Physicians' Reciprocal Insurers v Loeb*, 291 AD2d 541, 542 [2002]; *see Belsito v State Farm Mut. Ins. Co.*, 27 AD3d 502 [2006]). The duty to indemnify requires a determination that the insured is liable for a loss that is covered by the policy (*see Servidone Constr. Corp. v Security Ins. Co. of Hartford*, 64 NY2d 419

[1985]). Here, on their motion for summary judgment, the plaintiffs did not meet their prima facie burden of establishing that the allegations made in the underlying complaint potentially gave rise to a claim covered by the insurance policy at issue. Consequently, the Supreme Court properly denied their motion for summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The Supreme Court also properly granted the cross motion of Republic Insurance (hereinafter Republic) for summary judgment because Republic established, prima facie, that the allegations made in the underlying complaint did not potentially give rise to a claim covered by the policy (*see Belsito v State Farm Mut. Ins. Co.*, 27 AD3d at 503), and the plaintiffs did not raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]; *Belsito v State Farm Mut. Ins. Co.*, 27 AD3d at 503).

Since this is, in part, a declaratory judgment action, the Supreme Court should not have dismissed the complaint insofar as asserted against Republic, but should have included an appropriate declaration in favor of Republic. Accordingly, we modify the judgment and add such a declaration (*see 200 Genesee St. Corp. v City of Utica*, 6 NY3d 761, 762 [2006]; *Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Spolzino, J.P., Miller, Dillon and McCarthy, JJ., concur.