(September 15, 2009)

■ MICHAEL BARKAN et al., Respondents, v NEW YORK SCHOOLS INSURANCE RECIPROCAL, Defendant and Third-Party Plaintiff-Appellant-Respondent. ROSLYN PUBLIC SCHOOLS et al., Third-Party Defendants-Respondents-Appellants; ASENATH ANDERSON, Third-Party Defendant-Respondent, et al., Third-Party Defendants. [886 NYS2d 414]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiffs in an underlying action entitled *Roslyn Union Free School District v Barkan*, pending in the Supreme Court, Nassau County, under index No. 05-5946, the defendant third-party plaintiff appeals (1) from a decision of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated March 22, 2007, and (2), as limited by its brief, from so much of an order of the same court entered April 26, 2007, as, upon the decision, denied its cross motion for summary judgment declaring that it is not obligated to defend the plaintiffs and the third-party defendants Carol Margaritis and Asenath Anderson in the underlying action, and granted those branches of the plaintiffs' motion and the separate motions of the third-party defendants Roslyn Public Schools, Carol Margaritis, and Asenath Anderson which were for summary judgment declaring that it is so obligated; the third-party defendant Roslyn Public Schools cross-appeals (1) from the decision dated March 22, 2007, and (2), as limited by its brief, from so

much of the order entered April 26, 2007, as, upon the decision, denied that branch of its cross motion which was for an award of an attorney's fee and costs; and the third-party defendant Carol Margaritis separately cross-appeals (1) from the decision dated March 22, 2007, and (2), as limited by her brief, from so much of the order entered April 26, 2007, as, upon the decision, denied those branches of her separate motion which were for summary judgment declaring that the defendant is obligated to indemnify her in the underlying action and for an award of an attorney's fee and costs.

Ordered that the appeal and the cross appeals from the decision are dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the third-party defendant Carol Margaritis which was for an award of an attorney's fee and costs and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs and the third-party defendants appearing separately and filing separate briefs, payable by the defendant.

The plaintiffs, former members of the Board of the Roslyn Union Free School District, sued herein as Roslyn Public Schools (hereinafter the School District) commenced this action seeking, inter alia, a declaration that the defendant New York Schools Insurance Reciprocal (hereinafter NYSIR) was obligated to defend and indemnify them in an underlying action entitled *Roslyn Union Free School District v Barkan*, pending in the Supreme Court, Nassau County, under index No. 05-5946 (hereinafter the underlying action), pursuant to two insurance policies issued to the School District.

The underlying action involves allegations that during the period from 1998 until 2004, several employees of the School District stole more than $11,000,000 of School District funds. The plaintiffs are alleged to have breached their fiduciary duties as members of the Board of Education of the School District and negligently performed their duties, which resulted in the exacerbation of the theft and scandal faced by the School District.

NYSIR counterclaimed to rescind the policies based upon alleged misrepresentations made by the School District to NYSIR in the 2002-2003 renewal applications for the policies, specifi-

cally, that the School District failed to disclose misappropriations allegedly made by Pamela Gluckin, the School District's former Assistant Superintendent for Business. In the alternative, NYSIR sought a judgment declaring that it was not obligated to defend or indemnify the plaintiffs in the underlying action because, inter alia, the insureds failed to timely provide it with notice of the claims alleged in the underlying action. NYSIR also commenced a third-party action against, among others, the School District and former Board members Carol Margaritis and Asenath Anderson seeking rescission and a declaration of no coverage on the same grounds.

The Supreme Court determined that NYSIR was obligated to defend the plaintiffs Margaritis, and Anderson in the underlying action. We agree.

Generally, it is for the insured to establish coverage and for the insurer to prove that an exclusion in the policy applies to defeat coverage (*see Consolidated Edison Co. of N.Y. v Allstate Ins. Co.*, 98 NY2d 208, 218 [2002]; *see also Belsito v State Farm Mut. Ins. Co.*, 27 AD3d 502, 503 [2006]). An insurer's duty to defend is broader than the duty to indemnify and arises whenever the allegations of the complaint against the insured, liberally construed, potentially fall within the scope of the risks undertaken by the insurer (*see New York City Hous. Auth. v Commercial Union Ins. Co.*, 289 AD2d 311, 312 [2001], citing *Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169 [1997]). "[T]he duty of an insurer to defend its insured arises whenever the allegations within the four corners of the underlying complaint potentially give rise to a covered claim" (*Physicians' Reciprocal Insurers v Loeb*, 291 AD2d 541, 542 [2002]). If any of the claims against the insured arguably arise from covered events, the insurer is required to defend the entire action (*see Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61 [1991]). Nonetheless, "an insurer can be relieved of its duty to defend if it establishes as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision" (*Allstate Ins. Co. v Zuk*, 78 NY2d 41, 45 [1991]; *see Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 652 [1993]).

The Supreme Court properly determined that NYSIR has an obligation to defend the plaintiffs Margaritis, and Anderson in the underlying action. The plaintiffs Margaritis, and Anderson demonstrated, prima facie, that the allegations of the complaint in the underlying action potentially give rise to a claim covered by the policy (*see e.g. Belsito v State Farm Mut. Ins. Co.*, 27 AD3d at 503), and NYSIR failed to raise a triable issue of fact

(*see generally Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]; *Serrano v Republic Ins.*, 48 AD3d 665, 666 [2008]).

In order for a policy exclusion to be enforced, the insurer bears the burden of demonstrating that the language is clear and unmistakable, and that the exclusion applies in the particular case and is subject to no other reasonable interpretation (*see Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984]; *Guishard v General Sec. Ins. Co.*, 32 AD3d 528, 529 [2006]). On this record, NYSIR failed, prima facie, to satisfy that burden (*see Junius Dev., Inc. v New York Mar. & Gen. Ins. Co.*, 48 AD3d 426, 427 [2008]). Consequently, the Supreme Court also properly denied NYSIR's cross motion for summary judgment (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Contrary to NYSIR's contentions, NYSIR failed to demonstrate its entitlement to summary judgment based on a material misrepresentation in the renewal applications for the insurance policies (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853; *see Carpinone v Mutual of Omaha Ins. Co.*, 265 AD2d 752 [1999]). "[T]o establish its right to rescind an insurance policy, an insurer must demonstrate that the insured made a material misrepresentation. A misrepresentation is material if the insurer would not have issued the policy had it known the facts misrepresented" (*Zilkha v Mutual Life Ins. Co. of N.Y.*, 287 AD2d 713, 714 [2001]; *see* Insurance Law § 3105 [b]). Material misrepresentations, if proven, would void the insurance policy ab initio (*see Taradena v Nationwide Mut. Ins. Co.*, 239 AD2d 876 [1997]). However, whether a misrepresentation is material is generally a question of fact for the jury (*see Parmar v Hermitage Ins. Co.*, 21 AD3d 538, 540 [2005]; *see also Process Plants Corp. v Beneficial Natl. Life Ins. Co.*, 53 AD2d 214, 216 [1976], *affd* 42 NY2d 928 [1977]). To establish materiality as a matter of law, the insurer must present documentation concerning its underwriting practices, such as underwriting manuals, bulletins, or rules pertaining to similar risks, which show that it would not have issued the same policy if the correct information had been disclosed in the application (*see* Insurance Law § 3105 [c]; *Parmar v Hermitage Ins. Co.*, 21 AD3d at 540-541; *Curanovic v New York Cent. Mut. Fire Ins. Co.*, 307 AD2d 435, 437 [2003]; *Tuminelli v First Unum Life Ins. Co.*, 232 AD2d 547 [1996]). Conclusory statements by insurance company employees, unsupported by documentary evidence, are insufficient to establish materiality as a matter of law (*see Parmar v Hermitage Ins. Co.*, 21 AD3d 538 [2005]). Having failed to offer any of the aforementioned documents, NYSIR has failed to meet its evidentiary burden.

We reject the further contention by NYSIR that late notice of the claims of the underlying action was provided. "When the facts of an occurrence are such that an insured acting in good faith would not reasonably believe that liability on his part will result, notice of the occurrence given by the insured to the insurer is given 'as soon as practicable' if given promptly after the insured receives notice that a claim against him will in fact be made" (*Merchants Mut. Ins. Co. v Hoffman*, 56 NY2d 799, 801-802 [1982]). An insured's good faith belief in nonliability, when reasonable under the circumstances, may excuse a delay in notifying his insurer (*see White v City of New York*, 81 NY2d 955, 957 [1993]). NYSIR could have established its entitlement to summary judgment on this issue by demonstrating as a matter of law, that the insureds' belief that a claim would not be asserted against them was unreasonable (*see SSBSS Realty Corp. v Public Serv. Mut. Ins. Co.*, 253 AD2d 583, 584 [1998], citing *Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12 [1979]). We find that the record does not support such a conclusion.

With respect to the recovery of an attorney's fee and costs for the third-party defendants, Margaritis was cast in a defensive posture by virtue of NYSIR's third-party action against her. Implicit in this declaratory judgment action is the dispute over whether NYSIR has a duty to defend and indemnify Margaritis in the underlying action. Further, Margaritis successfully defended against NYSIR's summary judgment motion on the issue of the duty to defend. Accordingly, Margaritis is entitled to recover an attorney's fee and costs incurred in this declaratory judgment action (*see U.S. Underwriters Ins. Co. v City Club Hotel, LLC*, 3 NY3d 592 [2004]; *Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12 [1979]). As in *U.S. Underwriters*, "[Margaritis's] recovery of attorneys' fees is incidental to the insurer's contractual duty to defend" (*U.S. Underwriters Ins. Co. v City Club Hotel, LLC*, 3 NY3d at 598). However, contrary to the School District's contentions, it is not entitled to recover an attorney's fee and costs. "The reasoning behind *Mighty Midgets* is that an insurer's duty to defend an insured extends to the defense of any action arising out of the occurrence, including a defense against an insurer's declaratory judgment action" (*U.S. Underwriters Ins. Co. v City Club Hotel, LLC*, 3 NY3d at 597-598). Here, the question of NYSIR's duty to defend the School District in the underlying action was not raised in this action.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Mastro, J.P., Skelos, Dillon and Eng, JJ., concur.