In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an action entitled Nature’s Plus Nordic A/S v Natural Organics, Inc., commenced in the United States District Court for the Eastern District of New York under case No. 2009-Civ-4256, the defendant appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated January 20, 2011, as denied that branch of its motion which was for summary judgment dismissing the complaint and declaring that it is not obligated to defend or indemnify the plaintiff in the underlying action, and (2) from an order and judgment (one paper) of the same court dated April 26, 2011, which granted the plaintiff’s motion for summary judgment declaring that the defendant is obligated to defend it in the underlying action and to pay previously incurred defense costs, declared that the defendant is so obligated, and severed the remaining causes of action.
Ordered that the appeal from the order dated January 20, 2011, is dismissed; and it is further,
Ordered that the order and judgment dated April 26, 2011, is affirmed; and it is further,
Ordered that one bill of costs is awarded to the respondent.
The appeal from the intermediate order dated January 20, 2011, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order dated January 20, 2011, are brought *757 up for review and have been considered on the appeal from the order and judgment dated April 26, 2011 (see CPLR 5501 [a] [1]).
The plaintiff Natural Organics, Inc. (hereinafter NOI), is a manufacturer of health supplement products, including those sold under the trade name Nature’s Plus. An action was commenced against NOI in the United States District Court for the Eastern District of New York (hereinafter the federal action) in which it was alleged, inter alia, that NOI, after wrongfully terminating its exclusive distributorship agreement with Nature’s Plus Nordic A/S (hereinafter NPN), issued a press release announcing the appointment of House of Nature A/S (hereinafter HON), a competitor of NPN, as the exclusive distributor for Nature’s Plus products in Norway, Denmark, Sweden, and Finland (hereinafter the Nordic region). The complaint in the federal action asserted causes of action against NOI alleging, inter alia, unfair competition pursuant to the Lanham Act (15 USC § 1125 [a]) on the basis that, through the press release, NOI misrepresented to consumers that HON was the sole distributor for Nature’s Plus products in the Nordic region when NPN remained the sole distributor for those countries. It alleged that the press release caused confusion and mistake and deceived consumers as to the affiliation, connection, or association of NPN, HON, and NOI, and as to the origin, sponsorship, or approval of NPN’s and HON’s products, causing a diversion of trade from NPN and harm to its reputation and goodwill.
NOI tendered its defense in the federal action to its insurer, the defendant OneBeacon America Insurance Co. (hereinafter OneBeacon), pursuant to coverage which provided for “personal and advertising injury liability.” The OneBeacon policy defined “personal and advertising injury” as injury arising out of “[o]ral or written publication of material that slanders or libels a person or organization” or “[o]ral or written publication of material that disparages a person’s or organization’s goods, products or services.” OneBeacon disclaimed coverage, on the basis that the allegations of the complaint in the federal action did not fall within the definition of “personal and advertising injury,” and further, that the policy contained an exclusion of coverage for personal and advertising injury “arising out of a breach of contract.”
NOI commenced this action against OneBeacon seeking damages and a judgment declaring that OneBeacon was obligated to defend and indemnify it in the federal action. NOI moved for summary judgment declaring that OneBeacon is obligated to defend it in the federal action and to pay previously incurred *758 defense costs. OneBeacon moved for summary judgment dismissing the complaint and declaring that it is not obligated to defend or indemnify NOI in the federal action.
In an order dated January 20, 2011, the Supreme Court denied OneBeacon’s motion. In an order and judgment dated April 26, 2011, the Supreme Court granted NOI’s motion, and declared that OneBeacon had a duty to defend NOI in the federal action and to pay previously incurred defense costs.
An insurer’s duty to defend is liberally construed and is broader than the duty to indemnify (see Fieldston Prop. Owners Assn., Inc. v Hermitage Ins. Co., Inc., 16 NY3d 257, 264 [2011]; Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 [2006]). The duty to defend “arises whenever the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy” (Fitzpatrick v American Honda Motor Co., 78 NY2d 61, 65 [1991]; see BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d 708, 714 [2007]). “If the allegations of the complaint are even potentially within the language of the insurance policy, there is a duty to defend” (Town of Massena v Healthcare Underwriters Mut. Ins. Co., 98 NY2d 435, 443 [2002]; see New York City Hous. Auth. v Commercial Union Ins. Co., 289 AD2d 311, 312 [2001]). Moreover, if “any of the claims against the insured arguably arise from covered events, the insurer is required to defend the entire action” (Frontier Insulation Contrs. v Merchants Mut. Ins. Co., 91 NY2d 169, 175 [1997]). An insurer may be required to defend under the contract “even though it may not be required to pay once the litigation has run its course” (Automobile Ins. Co. of Hartford v Cook, 7 NY3d at 137).
Here, the allegations of the federal complaint fall within the policy’s coverage for “personal and advertising injury” arising from product disparagement. The statement that HON had been appointed the exclusive distributor of Nature’s Plus products in the Nordic region could imply that NPN’s inventory of Nature’s Plus products was unauthorized (see Unique Sports Generation, Inc. v LGH-III, LLC, 2005 WL 2414452, *10-11, 2005 US Dist LEXIS 22133, *31-36 [SD NY 2005]; cf. Heritage Mut. Ins. Co. v Advanced Polymer Tech., Inc., 97 F Supp 2d 913, 933 [SD NY 2000]).
“When an exclusion clause is relied upon to deny coverage, the burden rests upon the insurance company to demonstrate that the allegations of the complaint can be interpreted only to exclude coverage” (Town of Massena v Healthcare Underwriters Mut. Ins. Co., 98 NY2d at 444; see International Paper Co. v Continental Cas. Co., 35 NY2d 322, 325 [1974]). Here, OneBea *759 con failed to meet its burden of demonstrating that the allegations of product disparagement fell wholly within the exclusion for personal and advertising injuries arising out of a breach of contract, that the exclusion is subject to no other reasonable interpretation, and that there is no possible factual or legal basis upon which it may eventually be held obligated to indemnify NOI under the policy (see Frontier Insulation Contrs. v Merchants Mut. Ins. Co., 91 NY2d at 175).
In insurance contracts, the phrase “arising out of” is “ ‘ordinarily understood to mean originating from, incident to, or having connection with’ ” (Maroney v New York Cent. Mut. Fire Ins. Co., 5 NY3d 467, 472 [2005], quoting Aetna Cas. & Sur. Co. v Liberty Mut. Ins. Co., 91 AD2d 317, 320-321 [1983]). It “requires only that there be some causal relationship between the injury and the risk for which coverage is provided” or excluded (Maroney v New York Cent. Mut. Fire Ins. Co., 5 NY3d 467, 472 [2005]). If the plaintiffs in the federal action cannot prove product disparagement without proving a breach of contract, the exclusion will apply (see Mount Vernon Fire Ins. Co. v Creative Hous., 88 NY2d 347 [1996]; US Underwriters Ins. Co. v Val-Blue Corp., 85 NY2d 821 [1995]). Here, the press release was allegedly false and disparaging to NPN’s products without regard to whether NOI breached its agreement with NPN. Although the complaint in the federal action alleged that the announcement of HON as exclusive distributor for the region was false and misleading because NPN remained the sole distributor for the region “by nature of the agreement,” the product disparagement claim does not necessarily arise out of NOI’s alleged breach of contract, and, thus, coverage is not excluded under the policy.
Independent of the breach of contract claim, for which there is plainly no coverage, the press release allegedly violated the Lanham Act by suggesting to NPN’s customers that its products were not genuine (see Unique Sports Generation, Inc. v LGH-III, LLC, 2005 WL 2414452, *10, 2005 US Dist LEXIS 22133, *31-36 [SD NY 2005]), or that the remaining inventory was somehow unauthorized (see Ruder & Finn v Seaboard Sur. Co., 52 NY2d 663, 670 [1981]). The elements of a product disparagement claim under the Lanham Act are that the defendant: (1) made material misrepresentations or descriptions about the nature or characteristics of either defendant’s or plaintiff’s goods, services or commercial activities, (2) used the false or misleading misrepresentations in commerce, (3) made the representations in the context of commercial advertising or commercial promotion, and (4) made the pleading party believe that *760 it is likely to be damaged by the representations (see 15 USC § 1125 [a]). The Lanham Act is silent as to the rationale or reason for the offending misrepresentations. That the misrepresentations may or may not arise from a breach of contract is of no moment to the claim.
Here, without reference to the contract, NPN can potentially establish the product disparagement by the press release which called into question the genuineness of the product and whether the remaining inventory was unauthorized. With or without a breach of contract, the value of the disparaged product was allegedly diminished. Thus, OneBeacon’s duty to defend NOI in the federal litigation was triggered (see U.S. Underwriters Ins. Co. v Val-Blue Corp., 85 NY2d at 823).
Accordingly, the Supreme Court properly granted NOI’s motion and denied OneBeacon’s motion. Angiolillo, J.P., Leventhal, Austin and Roman, JJ., concur. [Prior Case History: 2011 NY Slip Op 30240(11).]