■ JAMES WHITEHEAD et al., Respondents, v CENTERVILLE FIRE DISTRICT, Appellant. — Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered September 25, 1981 in Ulster County, which granted plaintiffs' motion for leave to file a late notice of claim pursuant to subdivision 5 of section 50-e of the General Municipal Law. On October 28, 1980, plaintiff Christina Whitehead was seriously injured when the vehicle she was operating came into contact with defendant's fire engine, which was being driven by the captain of the fire company, as it was responding to a call for assistance. The occurrence was immediately reported by defendant to the Ulster County Fire Control. Within 90 days after the accident, defendant's insurer was made aware of the incident; plaintiffs' no-fault carrier, with whom they had filed a no-fault claim with supporting medical reports, and defendant's insurer are one and the same. Also during this period, the fire district's attorney, in a letter specifically adverting to this accident and his law partner's representation of plaintiffs in the anticipated litigation, resigned. Because plaintiffs' counsel mistakenly believed one was unnecessary, a notice of claim was not filed. Suit was commenced in June, 1981. When defendant interposed, as an affirmative defense, plaintiffs' failure to comply with section 50-e of the General Municipal Law, permission to file a belated notice of claim was sought and obtained and this appeal followed. We find no abuse of discretion. Defendant had actual knowledge of the essential facts constituting the claim; its

employees were present and involved in the collision itself (*Coonradt v Averill Park Cent. School Dist.*, 75 AD2d 925; *Matter of Matey v Bethlehem Cent. School Dist.*, 63 AD2d 807). Not only did defendant have adequate notice of the accident and an opportunity to investigate, but there is nothing in the record to suggest it will suffer by reason of the late service of the notice of claim (*Beatty v County of Saratoga*, 74 AD2d 662). Timely actual notice and the absence of demonstrable prejudice having been established, tardy filing is hardly of moment, even if it be styled, as defendant would have it, as "law office failure". Order affirmed, with costs. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.