■ ELIZABETH J. GATTI, Respondent, v STATE OF NEW YORK, Appellant. — In a proceeding for permission to file a late claim against the State of New York, the appeal is from an order of the Court of Claims (Blinder, J.), dated June 29, 1981, which granted petitioner's application. Order reversed, on the law, without costs or disbursements, and application denied. Subdivision 6 of section 10 of the Court of Claims Act now gives the Court of Claims broader discretion in determining applications for permission to file a late claim (see *Rios v State of New York,* 67 AD2d 744). Nevertheless, under the circumstances at bar, the court clearly abused its discretion in granting the petitioner's application. Although the petitioner made a sufficient showing of a meritorious claim, the other statutory criteria relevant to a determination of whether to permit the filing of a late claim weigh heavily against her. Under the facts at bar, the petitioner's mistaken belief that the road upon which the accident occurred was a town road rather than a State highway did not constitute a reasonable excuse for the delay in filing a claim against the State (see, e.g., *Erca v State of New York,* 51 AD2d 611, affd 42 NY2d 854). Moreover, it appears that the State neither had knowledge of the essential facts constituting the claim nor had an opportunity to investigate the underlying circumstances. And, although the papers do not specifically address the question of substantial prejudice, it is clear that the 23½-month delay in making the claim prejudiced the State in view of the transitory nature of the ice condition which is alleged to have been the proximate cause of the accident. Finally, the petitioner continues to have the remedy of an action against the operators and owners of the other vehicles involved in the accident. Accordingly, the petitioner's application should have been denied. Mollen, P. J., Damiani, Titone and Weinstein, JJ., concur.

■ ANDREA B. GIORDANO, as Administratrix of the Estate of THOMAS GIORDANO, Deceased, Respondent, v WILLIAM T. MADDEX et al., Appellants. — In an action to recover damages, *inter alia,* for wrongful death, defendants separately appeal, as limited by their briefs, from so much of a judgment of the Supreme Court, Queens County (Leviss, J.), entered November 25, 1981 as amended March 10, 1982, as, after a jury trial, was in the plaintiff's favor on the wrongful death cause of action against defendant Jeffer Funeral Homes, Inc., in the principal sum of $1,157,000, which sum was reduced by the sum of $100,000 representing a settlement of the wrongful death cause of action against defendant Maddex and Maddex further appeals from that part of the judgment as amended as directs that defendant Jeffer have indemnification over as against Maddex for any sums paid by it. Judgment as amended modified, on the law and the facts, by deleting therefrom the provisions awarding plaintiff recovery on the wrongful death cause of action against defendant Jeffer and new trial granted on the issue of damages only as to said wrongful death cause of action unless, within 30 days after service upon plaintiff of a copy of the order to be made hereon, with notice of entry, plaintiff shall serve and file in the office of the clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict in her favor, on the wrongful death cause of action, to $850,000 (less $100,000, representing settlement of the cause of action against Maddex) and to the entry of an amended judgment accordingly. As so modified, judgment as amended affirmed, insofar as appealed from, without costs or disbursements. In the event plaintiff so stipulates then the judgment as amended, as so reduced and further amended, is affirmed, insofar as appealed from, without costs or disbursements. Under all the circumstances, the amount of damages awarded was excessive to the extent indicated. Damiani, J. P., Lazer, Mangano and Brown, JJ., concur.