■ RUTH DAVIS, Individually and as Administratrix of the Estate of BARRY DAVIS, Deceased, Appellant, v KIRK SAPA, Respondent. — Order of the Supreme Court, Kings County (Greenstein, J.), dated May 26, 1982, affirmed, insofar as appealed from, with $50 costs and disbursements. No opinion. Damiani, J. P., Lazer, Mangano and Thompson, JJ., concur.

■ DAVID DE OLDEN et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 66814-A.) — Appeal by the defendant State of New York from an order of the Court of Claims (Lengyel, J.), dated June 15, 1982, which granted a motion by claimants for an order, pursuant to subdivision 6 of section 10 of the Court of Claims Act, permitting them to file a late claim against it. Order affirmed, with $50 costs and disbursements. Claimant David De Olden suffered extremely severe personal injuries including amputation of his right leg below the knee. During the recovery period, in addition to undergoing extensive physical therapy, he suffered psychological trauma manifested by severe anxiety attacks requiring psychiatric treatment. Claimant's psychological injuries seriously affected his ability to function properly for some period after his discharge from the hospital. Subdivision 6 of section 10 of the Court of Claims Act vests the Court of Claims with broad discretion in determining whether to grant leave to file a late claim. On the facts presented, the court did not abuse its discretion in granting the relief sought (see *Bay Terrace Coop. Section IV v New York State Employees' Retirement System Policemen's & Firemen's Retirement System,* 55 NY2d 979; *Cedano v City of New York,* 51 NY2d 896; *Matter of Beary v City of Rye,* 44 NY2d 398; *Matter of Newson v City of New York,* 87 AD2d 630; *Hubbard v County of Suffolk,* 65 AD2d 567). This case is factually distinguishable from our recent holding in *Gatti v State of New York* (90 AD2d 840), where the claimant's mistaken belief that the site of the accident was a town road, as opposed to a State highway, did not constitute a reasonable excuse for the delay in filing a claim against the State. The court also properly exercised its discretion in permitting claimant Barbara De Olden to file a late claim on her derivative cause of action (see *Centelles v New York City Health & Hosps. Corp.,* 84 AD2d 826). Lazer, J. P., Weinstein, Bracken and Rubin, JJ., concur.