RICHARD WOLF, Respondent, v STATE OF NEW YORK, Appellant

The Court of Claims, after weighing the criteria delineated in Court of Claims Act § 10 (6), granted the claimant permis-

sion to file a late notice of claim. Contrary to the State's contentions, we find that the court did not improvidently exercise its discretion by the ruling. The record amply supports the conclusion that the claimant sustained severe and extensive injuries as a result of a motor vehicle accident, which necessitated prolonged hospitalization and a period of convalescence thereafter. The claimant, therefore, presented a reasonable excuse for the delay in filing the notice of claim, namely, his physical incapacitation *(see, Matter of Savelli v City of New York,* 104 AD2d 943; *Flynn v City of Long Beach,* 94 AD2d 713; *De Olden v State of New York,* 91 AD2d 1057).

The documentation contained in the record, which includes a police accident report and a New York State Department of Motor Vehicles MV-104 form, provides further support for the conclusion that the State had acquired knowledge of the essential facts giving rise to the claim and that it had an adequate opportunity to conduct an investigation of the incident *(see, Matter of Gerzel v City of New York,* 117 AD2d 549; *Hayden v Incorporated Vil. of Hempstead,* 103 AD2d 765; *Trakis v City of New York,* 92 AD2d 569). This determination is buttressed by the fact that an employee of the State was not only present at the accident scene but was involved in the collision itself *(see, Whitehead v Centerville Fire Dist.,* 90 AD2d 655; *Matter of Ziecker v Town of Orchard Park,* 70 AD2d 422, *affd* 51 NY2d 957).

Finally, we note that the remaining factors enumerated in the statute were also properly resolved in the claimant's favor. Mollen, P. J., Mangano, Eiber and Sullivan, JJ., concur.