■ In the Matter of CONTINENTAL INSURANCE COMPANY, as Subrogee of PAUL D. COLLINS, Respondent, v CITY OF RYE et al., Appellants. [683 NYS2d 585] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the appeal is from an order of the Supreme Court, Westchester County (Coppola, J.), entered December 1, 1997, which granted the application.

Ordered that the order is affirmed, with costs.

On October 19, 1996, the petitioner's insured, Paul D. Collins, was in an automobile accident involving three motor

vehicles, including a City of Rye fire chief's vehicle. The petitioner, as subrogee, sought to recover for property damage sustained by the insured as a result of the collision. The Supreme Court granted the petitioner's application for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), and this appeal followed.

The appellants' contention that the City of Rye had not received actual notice of the accident within the 90-day statutory period is without merit. Although a police report regarding an automobile accident does not itself constitute notice of the accident to a municipality (*see, Matter of Dube v City of New York,* 158 AD2d 457), in this case, the insured's vehicle was hit by the City of Rye fire chief's vehicle during the course of duty. In addition to a City of Rye police accident report, there was a City of Rye Fire Department incident report and an investigation conducted into the accident by the Board of Fire Wardens of the Rye Fire Department as of December 31, 1996 (*see, Matter of DeAngelis v County of Dutchess,* 159 AD2d 706; *cf., Wolf v State of New York,* 140 AD2d 692; *Whitehead v Centerville Fire Dist.,* 90 AD2d 655; *Matter of Ziecker v Town of Orchard Park,* 70 AD2d 422, *affd* 51 NY2d 957).

Accordingly, after considering all of the relevant facts and circumstances presented herein, including that there is no prejudice to the appellants, we find that the Supreme Court did not improvidently exercise its discretion in granting the petitioner's application. O'Brien, J. P., Sullivan, Krausman and Florio, JJ., concur.