■ HERBERT LEMMA, Appellant, v OFF TRACK BETTING COR-PORATION, Respondent, et al., Defendant. [707 NYS2d 276] —Rose, J. Appeal from an order of the Supreme Court (Moynihan, Jr., J.), entered May 25, 1999 in Warren County, which, *inter alia,* denied plaintiff's motion pursuant to General Municipal Law § 50-e (5) for permission to serve a late notice of claim on defendant Off Track Betting Corporation.

On August 20, 1997, while patronizing a betting parlor operated by defendant Off Track Betting Corporation (hereinafter

OTB), plaintiff was allegedly injured as a result of an altercation with one of OTB's employees, defendant Peter McNally. On October 9, 1997, plaintiff erroneously filed a claim for damages in the Court of Claims against the Racing and Wagering Board (hereinafter RWB) in the belief that it controlled the operation of off-track betting facilities. On December 4, 1997, the Attorney General interposed an answer asserting, *inter alia,* that the incident had occurred in an area not owned or operated by the State. However, it was only after plaintiff's attorney received a telephone call on August 21, 1998 from the Attorney General's office reiterating the State's affirmative defense that plaintiff attempted to serve a notice of claim and commenced this action against OTB. When plaintiff moved for leave to file a late notice of claim, Supreme Court denied the motion and dismissed the complaint without explanation. This appeal ensued.

Supreme Court has broad discretion in ruling upon an application for permission to file a late notice of claim pursuant to General Municipal Law § 50-e (5) (*see, Matter of Howard v Albany County Dept. of Social Servs.,* 241 AD2d 910, 911; *Matter of Jensen v City of Saratoga Springs,* 203 AD2d 863). In exercising that discretion, the court must consider these statutory factors: whether the defendant acquired actual knowledge of the essential facts constituting the claim within 90 days or a reasonable time thereafter, whether the plaintiff offers a reasonable excuse for the delay in filing the application and whether granting the application would substantially prejudice the defendant (*see,* General Municipal Law § 50-e; *De Jesus v County of Albany,* 267 AD2d 649). Here, we are unable to discern Supreme Court's basis for the exercise of its discretion (*see, Czub v Russell,* 177 AD2d 831). However, our review of the record establishes that plaintiff is not entitled to the discretionary relief he seeks.

Plaintiff contends that his delay in serving a notice of claim on OTB should be excused because he merely served the wrong governmental entity. " 'Error concerning the identity of the public entity to be served can be excused provided that a prompt application for relief is made after discovery of the error' " (*Matter of Flynn v Town of Oyster Bay,* 256 AD2d 341, quoting *Matter of Farrell v City of New York,* 191 AD2d 698, 699 [citations omitted]). However, in addition to showing no reasonable basis for his initial belief that the State was the responsible party, plaintiff offers no excuse for failing to take action to identify or serve the correct party until nearly nine months after the State's affirmative defense should have

alerted him to his mistake (see, *Matter of Duarte v Suffolk County*, 230 AD2d 851).

The failure to proffer a reasonable excuse for the delay is not fatal in cases where the public corporation has received contemporaneous knowledge of the facts alleged in the claim (see, *Matter of Jensen v City of Saratoga Springs, supra*, at 864). Actual knowledge is also a principal factor to be considered for it could refute the contention that the public entity was substantially prejudiced by the delay (see, *Matter of Howard v Albany County Dept. of Social Servs., supra*). However, the record here does not support plaintiff's assertion that OTB received prompt actual knowledge of his claim.

Plaintiff first contends that knowledge of his claim should be imputed to OTB because the RWB, which received the earlier notice of claim, has authority to supervise off-track betting facilities under Racing, Pari-Mutuel Wagering and Breeding Law § 520. However, it has been held that service of a notice of claim upon the RWB does not constitute service of notice upon a regional off-track betting corporation because such a corporation, like OTB here, is a separate and distinct legal entity created pursuant to the Racing, Pari-Mutuel Wagering and Breeding Law (see, *Titan Armored Car & Courier v Catskill Regional Off-Track Betting Corp.*, 216 AD2d 555). Plaintiff's additional conclusory allegation that OTB must have received actual notice from the RWB lacks support in the record and is expressly disputed by OTB's counsel.

Plaintiff next contends that the observations of OTB's branch manager during the alleged assault provided OTB with immediate actual knowledge of the incident.* Knowledge of the injuries or damages claimed by a plaintiff, rather than mere notice of the underlying occurrence, is necessary to establish actual knowledge of the essential facts of the claim within the meaning of General Municipal Law § 50-e (5) (see, *Matter of Mangona v Village of Greenwich*, 252 AD2d 732, 733; *Bullard v City of New York*, 118 AD2d 447, 451 [*Kassal, J., concurring mem*]). Here, while conceding that he witnessed "wrestling" between plaintiff and McNally, OTB's manager asserts that plaintiff appeared uninjured after the brief scuffle, required no medical attention before walking out of the facility and returned to patronize the facility the following day. Such observations are insufficient to put OTB on notice of plaintiff's claim of personal injuries caused by OTB's negligence.

---

* Although the affidavit of OTB's manager mentions an incident report, plaintiff does not refer to it, no copy is included in the record and there is no indication that Supreme Court considered it in deciding plaintiff's motion.

Finally, as to the factor of prejudice resulting from the delay, we find that as a result of the more than one-year delay in giving notice to OTB and the nature of plaintiff's claim, OTB has been substantially hindered in its investigation (*see, De Jesus v County of Albany*, 267 AD2d 649, 651, *supra*). The delay prevented OTB from promptly obtaining witness statements and a medical examination of plaintiff (*see, Moran v New York City Hous. Auth.*, 224 AD2d 257), which is particularly significant in light of the evidence that there was no injury apparent immediately after the incident. This patent prejudice, in the absence of a reasonable excuse or actual knowledge of the claim by OTB, amply supports Supreme Court's exercise of its discretion in denying plaintiff's motion.

Spain, J. P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.