■ In the Matter of THERESA D. SPAULDING, Appellant, v COBLESKILL-RICHMONDVILLE CENTRAL SCHOOL DISTRICT, Respondent. [734 NYS2d 700] —Rose, J. Appeal from an order of the Supreme Court (Lamont, J.), entered May 24, 2001 in Schoharie County, which denied petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim.

On February 15, 2000, petitioner was involved in a motor vehicle accident with a school bus owned by respondent and operated by its employee. No personal injuries were reported to the investigating police officer and, approximately two months later, respondent's insurance company paid petitioner $1,508 for the damage to her car. On March 29, 2001, petitioner filed an application pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim based upon personal injuries allegedly sustained in the February 2000 accident. Supreme Court denied the application and petitioner appeals.

"Absent an abuse of discretion, Supreme Court's determination of an application to file a late notice of claim will not be disturbed" (*Matter of Jensen v City of Saratoga Springs*, 203 AD2d 863 [citations omitted]). Having offered no excuse for her lengthy delay, petitioner nevertheless contends that her application should have been granted because respondent had actual knowledge of the essential facts through its employee

who was involved in the accident. Respondent concedes that it had knowledge of the accident but contends that it proceeded in the belief that the accident involved only relatively minor property damage and, therefore, it did not conduct the type of investigation that would have been conducted if there were personal injuries.

In *Whitehead v Centerville Fire Dist.* (90 AD2d 655), upon which petitioner relies, we concluded that the municipal corporation had knowledge of the essential facts of the claim through the presence and involvement of its employees in the motor vehicle collision upon which the claim was based. In that case, however, the plaintiff was seriously injured in the collision, which is clearly relevant in determining whether the municipal corporation had actual knowledge and an opportunity to investigate. Thus, in *Matter of Urban v Waterford-Halfmoon Union Free School Dist.* (105 AD2d 1022), we explained that a "report of a child having been seriously injured on school premises should have alerted respondent to the advisability of conducting a thorough and immediate investigation of the incident" (*id.*, at 1024; *see, Matter of Hayes v Peru Cent. School Dist.*, 281 AD2d 794, 795). In contrast, the presence of a school district employee when someone slips and falls on school property provides an insufficient basis to disturb the denial of a late notice of claim application where no injuries were reported as a result of the fall (*see, Matter of Piotrowski v Onteora Cent. School Dist.*, 161 AD2d 990).

As a result of petitioner's failure to report any personal injuries at the time of the accident and her lengthy delay in pursuing any claim other than a relatively small settlement for the damage to her vehicle, respondent had no reason to conduct the type of thorough investigation warranted where serious injuries are involved. Petitioner contends that when she provided one of respondent's employees with information necessary to process her property damage claim two days after the accident, she told the employee that she had pain in her side and that she was going to see a doctor the next day. Based upon the absence of any follow-up report from petitioner, however, respondent could reasonably have believed that petitioner's visit to the doctor did not reveal any personal injuries related to the accident. As a result of petitioner's lengthy delay in reporting any injury, respondent was deprived of the opportunity to conduct the type of prompt and thorough investigation that would have been warranted had respondent been aware of the alleged injuries and, therefore, we find no abuse of discretion in Supreme Court's denial of the late notice of claim application.

Crew III, J. P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.