■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [828 NYS2d 416]—

In an action, inter alia, to recover for damage to property, the defendants appeal from an order of the Supreme Court, Queens County (Weiss, J.), dated April 3, 2006, which granted the plaintiff's application for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5).

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the application is denied.

The Supreme Court improvidently exercised its discretion in granting the application for leave to serve a late notice of claim. The plaintiff failed to demonstrate a reasonable excuse for its failure to timely serve a notice of claim. The assertion that claim documents were timely served on the City of New York was insufficient to constitute a reasonable excuse (*see Matter of Coyle v New York City Tr. Auth.*, 283 App Div 1083 [1954]), and the five-month delay in moving for relief after discovery of the error was unreasonable (*see Matter of Morris v County of Suffolk*, 58 NY2d 767 [1982]). The plaintiff's argument that the defendant New York City Transit Authority (hereinafter the NYCTA) was equitably estopped from denying timely receipt of a notice of claim is also unavailing (*see Townley v Emerson Elec. Co.*, 269 AD2d 753 [2000]; *Matter of Gross v New York City Health & Hosps. Corp.*, 122 AD2d 793 [1986]; *Luka v New York City Tr. Auth.*, 100 AD2d 323 [1984], *affd* 63 NY2d 667 [1984]).

Moreover, the plaintiff failed to establish that the NYCTA acquired actual knowledge of the essential facts constituting the claim within 90 days of the accident or a reasonable time thereafter (*see* General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531 [2006]). The plaintiff's assertion that the NYCTA's employee must have prepared and filed an accident report was completely unsubstantiated (*see Washington v City of New York*, 72 NY2d 881 [1988]). Similarly, the fact that a police accident report was prepared did not in and of itself constitute notice of the claim to the NYCTA (*see Olivera v City of New York*, 270 AD2d 5 [2000]; *Matter of Dube v City of New York*, 158 AD2d 457 [1990]; *Caselli v City of New York*, 105 AD2d 251 [1984]; *cf. Miranda v New York City Tr. Auth.*, 262 AD2d 199 [1999]; *Matter of Continental Ins. Co. v City of Rye*, 257 AD2d 573 [1999]).

Finally, although it is not necessary to reach the issue of prejudice in view of the foregoing (*see Matter of Carpenter v City of*

*New York,* 30 AD3d 594, 595-596 [2006]), the plaintiff, in any event, failed to demonstrate that the NYCTA was not prejudiced in its ability to investigate the accident and prepare a defense as a result of the substantial delay in providing notice of the essential facts of the claim (*see Matter of Henriques v City of New York,* 22 AD3d 847 [2005]; *Alexander v City of New York,* 2 AD3d 332 [2003]). Schmidt, J.P., Ritter, Lunn and Covello, JJ., concur.