■ In the Matter of COLLEEN BOSKIN, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [843 NYS2d 454]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve late notices of claim on the New York City Transit Authority, the City of New York, and the New York City Police Department, the petitioner appeals from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated July 6, 2006, as denied that branch of her petition which was for leave to serve late notices of claim as to the negligence cause of action.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof denying that branch of the petition which was for leave to serve a late notice of claim as to the negligence cause of action on the New York City Transit Authority and substituting therefor a provision granting that branch of the petition; as so modified, the order is affirmed insofar as appealed from with one bill of costs payable by the petitioner to the City of New York and the New York City Police Department and one bill of costs payable by the New York City Transit Authority to the petitioner.

The Supreme Court, inter alia, denied that branch of the petition which was for leave to serve late notices of claim as to the negligence cause of action, finding that while the claim was not patently without merit, the respondents did not receive actual notice of the essential facts constituting the claim, nor did they acquire such knowledge within 90 days or a reasonable period after the occurrence. Although the record supports that conclusion with respect to the New York City Police Department (hereinafter the NYPD) and the City of New York, the same cannot be said for the New York City Transit Authority (hereinafter NYCTA), whose employees were directly involved in the events leading up to and culminating in the decedent's electrocution and whose reports reflect actual knowledge sufficient to satisfy the statute in this regard. Moreover, the NYCTA reports, which identified those of its employees who were present during the incident and gave reasonable notice from which it could be inferred that a potentially actionable wrong had been committed by the respondents, reflect a prompt and thorough investigation into the event, while those prepared by the NYPD indicate mere general knowledge of the event (see Washington v City of New York, 72 NY2d 881 [1988]; Weber v County of Suffolk, 208 AD2d 527 [1994]).

The petitioner further demonstrated that the delay in serving the notice of claim, which was not particularly lengthy and was attributable in significant part to the nature of the information conveyed by the NYPD, would not cause the NYCTA to suffer substantial prejudice in maintaining its defense on the merits. Crane, J.P., Spolzino, Krausman and McCarthy, JJ., concur.