■ In the Matter of TIFFANY HARPER, Appellant, v CITY OF NEW YORK, Respondent. [896 NYS2d 78]—

A petition for leave to serve a late notice of claim is addressed to the sound discretion of the court (*see Matter of Alexander v Board of Educ. for Vil. of Mamaroneck*, 18 AD3d 654 [2005]; *Matter of Flores v County of Nassau*, 8 AD3d 377 [2004]; *Moise v County of Nassau*, 234 AD2d 275 [1996]), and requires that the court consider, inter alia, whether the petitioner has demonstrated a reasonable excuse for the delay, whether the municipal entity acquired actual knowledge of the facts constituting the claim within 90 days after the accident or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in defending on the merits (*see* General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531 [2006]; *Troy v Town of Hyde Park*, 63 AD3d 913 [2009]; *Matter of Korman v Bellmore Pub. Schools*, 62 AD3d 882 [2009]; *Matter of Acosta v City of New York*, 39 AD3d 629 [2007]).

Contrary to the petitioner's contention, the Supreme Court did not, upon reargument, improvidently exercise its discretion in adhering to the original determination denying the petition for leave to serve a late notice of claim. While the Supreme Court found a reasonable excuse for the petitioner's delay in seeking to serve a notice of claim, neither the police accident report nor the New York City Department of Transportation repair work order record upon which the petitioner relies mentioned any personal injury to the petitioner, or any evidence of negligence on the part of the respondent. Accordingly, those documents were clearly inadequate to provide the respondent with actual knowledge of the facts constituting the claim (*see Matter of National Grange Mut. Ins. Co. v Town of Eastchester*, 48 AD3d 467, 468 [2008]; *Santana v Western Regional Off-Track Betting Corp.*, 2 AD3d 1304, 1305 [2003]; *Lemma v Off Track Betting Corp.*, 272 AD2d 669, 671 [2000]; *Matter of Wertenberger v Village of Briarcliff Manor*, 175 AD2d 922, 923 [1991]).

Furthermore, the petitioner's contention that the respondent would not be prejudiced by the delay is unsupported by the facts in the record. Mastro, J.P., Balkin, Belen and Chambers, JJ., concur.