In the Matter of SAMANTHA JACKSON et al., Respondents, v NEWBURGH ENLARGED CITY SCHOOL DISTRICT, Appellant. [925 NYS2d 856]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, Newburgh Enlarged City School District appeals from an order of the Supreme Court, Orange County (Ritter, J.), dated August 16, 2010, which granted the petition and deemed the notice of claim served.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the petition is denied.

Under General Municipal Law § 50-e (5), a court considering a petition for leave to serve a late notice of claim upon a public corporation must consider various factors, of which the "most important, based on its placement in the statute and its relation to other relevant factors" (*Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 147 [2008]), is whether the public corporation acquired actual notice of the essential facts constituting the claim within 90 days of the accrual of the claim or within a reasonable time thereafter (*see* General Municipal Law § 50-e [5]; *Matter of Whittaker v New York City Bd. of Educ.*, 71 AD3d 776, 777 [2010]; *Matter of Devivo v Town of Carmel*, 68 AD3d 991 [2009]). Here, the City of Newburgh Po-

lice Department Incident Report submitted by the petitioners in support of their petition stated that the infant petitioner sustained no injuries and did not seek medical attention of any kind. Furthermore, neither the infant petitioner nor her parents alleged that the respondent was made aware of any personal injury to the infant petitioner within 90 days after the incident or within a reasonable time thereafter. Accordingly, the respondent did not acquire timely actual knowledge of the facts constituting the claim (*see Matter of Harper v City of New York*, 69 AD3d 939, 940 [2010]).

Moreover, the petitioners failed to proffer a reasonable excuse for their delay in serving a notice of claim, and failed to establish that the respondent will not be prejudiced by the more than one year delay between the time of the incident and the time of the commencement of this proceeding. Notably, the delay prevented the respondent from promptly obtaining a medical or psychological examination of the infant petitioner, especially since there was no injury apparent immediately after the incident (*see Forrest v Berlin Cent. School Dist.*, 29 AD3d 1230 [2006]; *Santana v Western Regional Off-Track Betting Corp.*, 2 AD3d 1304, 1305 [2003]; *Matter of Spaulding v Cobleskill-Richmondville Cent. School Dist.*, 289 AD2d 860, 861 [2001]; *Lemma v Off Track Betting Corp.*, 272 AD2d 669, 672 [2000]).

Accordingly, the petition should have been denied. Skelos, J.P., Dickerson, Hall, Austin and Miller, JJ., concur.