■ In the Matter of ST. PAUL GUARDIAN INSURANCE CORPORATION, Appellant, v POCATELLO FIRE DISTRICT, Respondent. [935 NYS2d 43]—

On May 31, 2010, a fire truck owned by the petitioner's

insured was struck by a fire truck owned by the Pocatello Fire District (hereinafter the respondent). The petitioner, as subrogee, sought to recover damages for injury to property sustained by its insured as a result of the collision, and filed the instant petition pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim upon the respondent.

The Supreme Court improvidently exercised its discretion in denying the petition for leave to serve a late notice of claim. The respondent acquired actual knowledge of the essential facts constituting the claim within 90 days of the accident, since its employees were directly involved in the accident, and the police accident report was sufficient to provide actual knowledge of the facts constituting the claim (see General Municipal Law § 50-e [5]; Matter of Continental Ins. Co. v City of Rye, 257 AD2d 573, 574 [1999]). The police accident report identified the employees involved in the accident, and gave reasonable notice from which it could be inferred that a potentially actionable wrong had been committed by the respondent and that the insured's fire truck sustained extensive damage as a result of the respondent's alleged negligence (see Matter of Boskin v New York City Tr. Auth., 44 AD3d 851, 852 [2007]; Matter of Continental Ins. Co. v City of Rye, 257 AD2d at 574; Matter of DeAngelis v County of Dutchess, 159 AD2d 706 [1990]; Wolf v State of New York, 140 AD2d 692 [1988]). Furthermore, the petitioner met its initial burden of demonstrating a lack of substantial prejudice to the respondent should service of the late notice of claim be allowed (see Matter of Felice v Eastport/ South Manor Cent. School Dist., 50 AD3d 138, 152 [2008]; Matter of Boskin v New York City Tr. Auth., 44 AD3d at 852; Matter of DeAngelis v County of Dutchess, 159 AD2d 706 [1990]). The respondent did not assert that it would be prejudiced by the delay.

Finally, the absence of a reasonable excuse for the delay does not bar the granting of the petition for leave to serve a late notice of claim where, as here, there is actual knowledge and an absence of prejudice (see Matter of Whittaker v New York City Bd. of Educ., 71 AD3d 776, 778 [2010]; Matter of Leeds v Port Washington Union Free School Dist., 55 AD3d 734, 735 [2008]; Matter of Rivera-Guallpa v County of Nassau, 40 AD3d 1001, 1002 [2007]).

Accordingly, the Supreme Court should have granted the petition for leave to serve a late notice of claim. Rivera, J.P., Florio, Eng, Hall and Cohen, JJ., concur.