■ PRIYA PETERS-HEENPELLA et al., Respondents, v CORNELL K. WYNN et al., Appellants. [962 NYS2d 644]—

In an action to recover damages for personal injuries and injury to property, the defendants appeal from an order of the Supreme Court, Queens County (Gavrin, J.), dated January 9, 2012, which granted the plaintiffs' motion pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the plaintiffs' motion for leave to serve a late notice of claim is denied.

The Supreme Court improvidently exercised its discretion in granting the plaintiffs' motion for leave to serve a late notice of claim upon the defendant New York City Transit Authority (hereinafter the NYCTA). The plaintiffs' assertion that personal injury claim forms were inadvertently served upon the City of New York rather than the NYCTA amounts to law office failure,

which is not an acceptable excuse (*see Matter of Guminiak v City of Mount Vernon Indus. Dev. Agency*, 68 AD3d 1111 [2009]; *Matter of Gobardhan v City of New York*, 64 AD3d 705, 706 [2009]; *State Farm Mut. Auto. Ins. Co. v New York City Tr. Auth.*, 35 AD3d 718 [2006]).

Furthermore, the plaintiffs failed to demonstrate that the NYCTA acquired timely, actual knowledge of the essential facts constituting the claim (*see* General Municipal Law § 50-e [5]). While the plaintiffs timely served a claim for property damage and related documents upon the NYCTA, those papers did not mention any personal injury to the plaintiffs (*see Matter of Keyes v City of New York*, 89 AD3d 1086 [2011]; *Matter of Jackson v Newburgh Enlarged City School Dist.*, 85 AD3d 1031, 1032 [2011]; *Matter of Harper v City of New York*, 69 AD3d 939, 940 [2010]). Moreover, there was no proof that the NYCTA had prepared an internal incident report (*see Washington v City of New York*, 72 NY2d 881, 883 [1988]; *Matter of Cali v City of Poughkeepsie*, 84 AD3d 1229, 1229-1230 [2011]; *Matter of National Grange Mut. Ins. Co. v Town of Eastchester*, 48 AD3d 467, 468 [2008]; *State Farm Mut. Auto. Ins. Co. v New York City Tr. Auth.*, 35 AD3d 718 [2006]).

Finally, the plaintiffs failed to demonstrate that the NYCTA was not substantially prejudiced in its ability to conduct a thorough and immediate investigation of the accident and from promptly obtaining medical examinations of the plaintiffs as a result of the plaintiffs' lengthy delay in moving for leave to serve a late notice of claim (*see Matter of Jackson v Newburgh Enlarged City School Dist.*, 85 AD3d at 1032; *Santana v Western Regional Off-Track Betting Corp.*, 2 AD3d 1304, 1305 [2003]; *Matter of Spaulding v Cobleskill-Richmondville Cent. School Dist.*, 289 AD2d 860, 861 [2001]; *Lemma v Off Track Betting Corp.*, 272 AD2d 669, 672 [2000]). Dillon, J.P., Hall, Roman and Cohen, JJ., concur.