In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, Riverhead Central School District and Richard Gallo appeal from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated March 5, 2012, which granted the petition.
*728 Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the petition is denied, and the proceeding is dismissed.
The Supreme Court improvidently exercised its discretion in granting the petition for leave to serve a late notice of claim upon the Riverhead Central School District (hereinafter the District). The petitioner’s assertion that he did not immediately appreciate the nature and severity of his injuries until approximately nine months after the subject accident is unavailing without supporting medical evidence explaining why the possible permanent effects of the injuries took so long to become apparent and be diagnosed (see Matter of Minkowicz v City of New York, 100 AD3d 1000, 1000 [2012]; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 151 [2008]; Matter of Lodati v City of New York, 303 AD2d 406, 407 [2003]). Furthermore, the petitioner failed to proffer any excuse for the significant delay between the time that he was diagnosed with his injuries and the time that he served a late notice of claim or commenced this proceeding (see Matter of Joseph v City of New York, 101 AD3d 721 [2012]; Matter of Grant v Nassau County Indus. Dev. Agency, 60 AD3d 946, 947 [2009]; Matter of Jantzen v Half Hollow Hills Cent. School Dist. No. 5, 56 AD 3d 474, 475 [2008]).
The petitioner contends that the District acquired actual knowledge of the essential facts constituting the claim against it within 90 days after the claim accrued by reason of a police accident report prepared by the responding officer, as well as from motor vehicle accident reports that were prepared by the petitioner, the driver of the District’s vehicle, and a witness at the scene of the accident, and filed with the Suffolk County Sheriffs Office. The fact that the Suffolk County Sheriffs Office had knowledge of this accident, without more, cannot be considered actual knowledge of the District regarding the essential facts constituting the claim against it (see Matter of Klass v City of New York, 103 AD3d 800, 801 [2013]; Matter of Mitchell v Town of Greenburgh, 96 AD3d 852, 852-853 [2012]; State Farm Mut. Auto. Ins. Co. v New York City Tr. Auth., 35 AD3d 718, 718 [2006]; Matter of Continental Ins. Co. v City of Rye, 257 AD2d 573, 574 [1999]). In any event, the accident reports were inadequate to provide the District with actual knowledge of the facts constituting the claim against it, since they did not indicate that the petitioner sustained any injuries as a result of the subject accident (see Matter of Keyes v City of New York, 89 AD3d 1086, 1086 [2011]; Matter of Jackson v Newburgh Enlarged City School Dist., 85 AD3d 1031, 1032 *729 [2011]; Matter of Harper v City of New York, 69 AD3d 939, 940 [2010]). Finally, the petitioner failed to meet his burden of establishing that the significant delay would not substantially prejudice the District in maintaining its defense on the merits (see Brandi v City of New York, 90 AD3d 751, 751 [2011]; Matter of Hill v New York City Tr. Auth., 68 AD3d 866, 867 [2009]; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 152).
The petitioner’s remaining contentions are not properly before this Court (see Matter of Zaid v City of New York, 87 AD3d 661, 663 [2011]). Rivera, J.P., Dickerson, Leventhal and Lott, JJ., concur.