■ In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, as Subrogee of Russell Wilkins, Respondent, v SUFFOLK COUNTY POLICE DEPARTMENT, Defendant, and COUNTY OF SUFFOLK, Appellant. [58 NYS3d 514]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the County of Suffolk appeals from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated September 21, 2015, which granted that branch of the petition which was for leave to serve a late notice of claim upon it.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and that branch of the petition which was for leave to serve a late notice of claim upon the County of Suffolk is denied.

On March 16, 2014, the disabled vehicle of the petitioner's subrogor was towed by C & C Collision (hereinafter C & C) after it was left unattended on the side of the road. On March 18, 2014, the Suffolk County Police Department (hereinafter the SCPD) prepared an incident report after the subrogor

reported his vehicle stolen or taken by an unknown person. On July 10, 2014, the petitioner recovered the vehicle upon payment of towing and storage costs to C & C. On April 13, 2015, the petitioner commenced this proceeding for leave to serve a late notice of claim upon, among others, the County of Suffolk to recover the towing and storage costs it paid to C & C. The proposed notice of claim alleged that the SCPD failed to conduct a simple investigation to ascertain the location of the vehicle and to apprise the towing company of the name and address of the owner of the vehicle.

In determining whether to grant leave to serve a late notice of claim under General Municipal Law § 50-e (5), the court, in its discretion, must consider all relevant facts and circumstances, including, but not limited to, whether (1) the municipality or public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the delay would substantially prejudice the municipality or public corporation in its defense, and (3) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim (*see Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455, 460-461 [2016]; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 539 [2006]). The presence or absence of any one factor is not determinative (*see Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d at 467; *Matter of City of New York v County of Nassau*, 146 AD3d 948, 950 [2017]; *Matter of Hubbard v County of Madison*, 71 AD3d 1313 [2010]; *Matter of Brownstein v Incorporated Vil. of Hempstead*, 52 AD3d 507, 509 [2008]). "[D]epending upon the particular facts of each case, the weight to be given to any one factor may be lesser or greater" (*Matter of Hubbard v County of Madison*, 71 AD3d at 1316).

"In order to have actual knowledge of the essential facts constituting the claim, the public corporation must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim; the public corporation need not have specific notice of the theory or theories themselves" (*Matter of D'Agostino v City of New York*, 146 AD3d 880, 880-881 [2017] [internal quotation marks omitted]; *see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 148 [2008]). Here, the petitioner failed to establish that the County had actual knowledge of the essential facts constituting the claim within 90 days after the claim accrued or a reasonable time thereafter (*see* General Municipal Law § 50-e [5]). Contrary to the petitioner's contention, the

incident report prepared on March 18, 2014, which indicates that the subject vehicle was taken by "unknown person[s]," did not provide the County with actual knowledge of the essential facts constituting the claim. The allegations contained in the affirmation of the petitioner's attorney and the proposed notice of claim executed by the petitioner's "total theft examiner" that an officer of the SCPD directed C & C to tow the vehicle on March 16, 2014, were neither based upon personal knowledge nor substantiated by any record evidence (*see Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d at 465; *Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.]*, 27 NY3d 672, 675 [2016]; *Williams v Nassau County Med. Ctr.*, 6 NY3d at 539).

The petitioner also failed to proffer a reasonable excuse for the failure to serve a timely notice of claim and for the delay in filing the petition. The excuses asserted by the petitioner's attorney were improperly raised for the first time in the reply papers and, therefore, were not properly before the Supreme Court (*see Matter of Anderson v New York City Dept. of Educ.*, 102 AD3d 958, 959 [2013]; *Matter of Bell v City of New York*, 100 AD3d 990, 991 [2012]; *Matter of Wright v City of New York*, 99 AD3d 717, 719 [2012]).

The petitioner presented no "evidence or plausible argument" that its delay in serving a notice of claim did not substantially prejudice the County in defending on the merits (*Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d at 466; *see Matter of A.C. v West Babylon Union Free Sch. Dist.*, 147 AD3d 1047, 1048 [2017]).

Accordingly, upon consideration of the relevant factors, the Supreme Court should have denied that branch of the petition which was for leave to serve a late notice of claim upon the County. Mastro, J.P., Hall, Austin and Barros, JJ., concur.