Matter of Akopyan v Metropolitan Tr. Auth. (2018 NY Slip Op 05465)





Matter of Akopyan v Metropolitan Tr. Auth.


2018 NY Slip Op 05465


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2017-06155
 (Index No. 520253/16)

[*1]In the Matter of Galina Akopyan, appellant,
v
Metropolitan Transit Authority, et al., respondents.


Mark Bratkovsky, P.C., Brooklyn, NY (Steven Yuniver of counsel), for appellant.
Lawrence Heisler, Brooklyn, NY (Harriet Wong of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated April 8, 2017. The order denied the petition.
ORDERED that the order is affirmed, with costs.
On March 24, 2016, the petitioner allegedly was injured when she tripped and fell on broken tile in a subway station. The police were called and a police report was created. Within 90 days after the accident, the petitioner served a notice of claim on the City of New York. Approximately eight months after the accident, the petitioner commenced this proceeding against the Metropolitan Transportation Authority and the New York City Transit Authority (hereinafter together the respondents), seeking leave to serve a late notice of claim on the respondents. The petition was denied and the petitioner appeals.
In determining whether to exercise discretion to extend the time for a petitioner to serve a notice of claim, the court must consider all relevant facts and circumstances, including, but not limited to, whether (1) the municipality or public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the delay would substantially prejudice the municipality or public corporation in its defense, and (3) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim (see General Municipal Law § 50-e[5]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 461; Matter of Government Employees Ins. Co. v Suffolk County Police Dept., 152 AD3d 517, 519).
Here, the petitioner failed to demonstrate that the respondents had actual knowledge of the essential facts constituting the claim within 90 days after its accrual or a reasonable time thereafter. The petitioner's contention that notice of the claim was provided to the respondents on July 11, 2016, was improperly raised for the first time in reply to the respondents' opposition (see Gottlieb v Wynne, 159 AD3d 799), and, in any event, was unsupported by the evidence presented. Contrary to the petitioner's further contention, the preparation of a police report, in and of itself, does [*2]not constitute notice of a claim to the New York City Transit Authority or the Metropolitan Transportation Authority (see State Farm Mut. Auto. Ins. Co. v New York City Tr. Auth., 35 AD3d 718; Matter of Yearusskaya v New York City Tr. Auth., 279 AD2d 583; see also Public Authorities Law §§ 1201, 1263). Moreover, the police report only provided notice that the petitioner fell and was injured. It did not provide actual knowledge of the essential facts constituting the claim, most notably, that the petitioner allegedly tripped on a broken tile, which might be attributed to improper maintenance of the station (see Matter of Clark v City of New York, 139 AD3d 849, 850; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 149-150).
In addition, the petitioner presented no "evidence or plausible argument" that its delay in serving a notice of claim did not substantially prejudice the respondents in defending on the merits (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466; see Matter of Government Empls. Ins. Co. v Suffolk County Police Dept., 152 AD3d 517, 519; Matter of A.C. v West Babylon Union Free Sch. Dist., 147 AD3d 1047, 1048-1049). Nor did the petitioner demonstrate a reasonable excuse for her failure to serve a timely notice of claim (see Peters-Heenpella v Wynn, 105 AD3d 725, 725-726; State Farm Mut. Auto. Ins. Co. v New York City Tr. Auth., 35 AD3d 718).
Accordingly, we agree with the Supreme Court's determination denying the petition for leave to serve a late notice of claim (see Matter of Government Empls. Ins. Co. v Suffolk County Police Dept., 152 AD3d at 519; Matter of Morris v City of New York, 132 AD3d 997, 998).
CHAMBERS, J.P., SGROI, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court