Matter of Harding v Yonkers Cent. Sch. Dist. (2019 NY Slip Op 01599)





Matter of Harding v Yonkers Cent. Sch. Dist.


2019 NY Slip Op 01599


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2017-09837
 (Index No. 51071/17)

[*1]Matter of Joseph Harding, appellant, 
v
Yonkers Central School District, respondent.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellant.
White Werbel & Fino, LLP, New York, NY (Shelly K. Werbel and Frank G. DiSpirito of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5), the petitioner appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated July 6, 2017. The order denied the petition for leave to serve a late notice of claim and, in effect, dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
On August 10, 2016, the petitioner allegedly was injured when his vehicle was struck by a vehicle owned by the respondent, Yonkers Central School District. A police accident report was prepared by a responding officer at the scene. On October 25, 2016, the petitioner served a notice of claim upon the driver of the respondent's vehicle, the City of Yonkers, and the City of Yonkers Department of Public Works. On November 7, 2016, the respondent's insurer issued a check to the petitioner for partial reimbursement of his rental car expenses. On January 18, 2017, the petitioner attempted to commence this proceeding for leave to serve a late notice of claim by filing an order to show cause with the New York State Courts Electronic Filing System, but the order to show cause was rejected because, inter alia, the petitioner did not file a hard copy.
On March 29, 2017, the petitioner filed a second order to show cause and a petition for leave to serve a late notice of claim, and the order to show cause was signed by the Supreme Court on April 6, 2017. In an order dated July 6, 2017, the court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
In determining whether to extend the time to serve a notice of claim, the court will consider whether, in particular, the public corporation or its attorney or its insurance carrier acquired actual notice of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, whether the claimant has a reasonable excuse for the failure to serve a timely notice of claim, and whether the delay would substantially prejudice the relevant public corporation in its defense on the merits (see Horn v Bellmore Union Free Sch. Dist., 139 AD3d 1006, 1007; Matter of Devivo v Town of Carmel, 68 AD3d 991, 992; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 139).
Contrary to the petitioner's contention, the respondent did not acquire timely, actual knowledge of the essential facts constituting the petitioner's claim by virtue of the police accident report prepared by the police officer who responded to the scene of the accident or through the respondent's insurer. The petitioner failed to establish that the police accident report, which did not indicate any personal injury, provided actual notice of the facts constituting the petitioner's claim that he sustained serious injuries as a result of the respondent's negligence (see Matter of Cuccia v Metropolitan Transp. Auth., 150 AD3d 849, 850; Matter of Walker v Riverhead Cent. Sch. Dist., 107 AD3d 727, 728; Matter of Jackson v Newburgh Enlarged City School Dist., 85 AD3d 1031, 1032; Matter of Harper v City of New York, 69 AD3d 939, 940). Furthermore, there is no evidence in the record that the respondent's insurer acquired actual knowledge of the petitioner's personal injury claim within 90 days after the claim accrued or a reasonable time thereafter (see Matter of Keyes v City of New York, 89 AD3d 1086, 1086; Matter of Spaulding v Cobleskill-Richmondville Cent. School Dist., 289 AD2d 860, 861; Lemma v Off Track Betting Corp., 272 AD2d 669, 671). Moreover, evidence that a timely notice of claim was served upon the driver of the respondent's vehicle does not establish that the driver reported the incident to a school official with a duty to investigate the claim (see Matter of Lewis v East Ramapo Cent. Sch. Dist., 110 AD3d 720, 722; Levette v Triborough Bridge & Tunnel Auth., 207 AD2d 330, 331).
In addition, the petitioner failed to present "some evidence or plausible argument" supporting a finding that the respondent will not be substantially prejudiced by the five-month delay in seeking leave to serve a late notice of claim (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466; see Matter of Fethallah v New York City Police Dept., 150 AD3d 998, 1001; Matter of Ramos v Board of Educ. of the City of New York, 148 AD3d 909, 912). Notably, the delay prevented the respondent from promptly conducting a thorough investigation and obtaining a medical examination of the petitioner (see Matter of Jackson v Newburgh Enlarged City School Dist., 85 AD3d at 1032; Santana v Western Regional Off-Track Betting Corp., 2 AD3d 1304, 1305; Matter of Spaulding v Cobleskill-Richmondville Cent. School Dist., 289 AD2d at 861).
The excuses asserted by the petitioner's attorney were improperly raised for the first time in the reply papers and, therefore, were not properly before the Supreme Court (see Matter of Government Employees Ins. Co. v Suffolk County Police Dept., 152 AD3d 517, 519; Matter of Anderson v New York City Dept. of Educ., 102 AD3d 958, 959; Matter of Bell v City of New York, 100 AD3d 990, 991).
Accordingly, the Supreme Court providently exercised its discretion in denying the petition and, in effect, dismissing the proceeding.
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court