Matter of Molme v New York City Tr. Auth. (2019 NY Slip Op 07890)





Matter of Molme v New York City Tr. Auth.


2019 NY Slip Op 07890


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-15000
 (Index No. 518819/18)

[*1]In the Matter of Kevely Molme, appellant,
v
New York City Transit Authority, respondent.


David J. Hernandez, Brooklyn, NY (David A. Bonilla of counsel), for appellant.
Lawrence Heisler, Brooklyn, NY (Timothy J. O'Shaughnessy and Harriet Wong of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to deem a late notice of claim timely served nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Kings County (Katherine Levine, J.), dated October 5, 2018. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
On March 13, 2018, the petitioner allegedly was injured when the vehicle she was driving collided with a bus owned by the respondent, New York City Transit Authority (hereinafter NYCTA). The same day as the accident, the bus driver prepared an "Operator's Daily Trip Sheet" and a NYCTA supervisor prepared a "Supervisor's Accident/Crime Investigation Report." A police accident report was also prepared by a police officer who responded to the scene. On September 17, 2018, the petitioner served a notice of claim without leave of court upon the NYCTA and the bus driver. By order to show cause dated September 19, 2018, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) to deem the late notice of claim timely served upon the NYCTA nunc pro tunc. The Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
Service of a notice of claim within 90 days after accrual of the claim is a condition precedent to the commencement of an action sounding in tort against the NYCTA (see General Municipal Law § 50-e[1][a]; Public Authorities Law § 1212[2]; Konner v New York City Tr. Auth., 143 AD3d 774, 775; Hunte v New York City Tr. Auth., 119 AD3d 735, 735-736; Matter of Ryan v New York City Tr. Auth., 110 AD3d 902). Pursuant to General Municipal Law § 50-e(5), in determining whether to deem a late notice of claim timely served nunc pro tunc, the court must consider all relevant circumstances, including whether (1) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice and for the delay in seeking leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, (2) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay in seeking leave would substantially prejudice the public corporation in its ability to defend against the action (see Matter of Nadler v City of New York, 166 AD3d 618, 619; Matter of Naar v City of New York, 161 AD3d 1081, 1082; Matter of [*2]Tejada v City of New York, 161 AD3d 876, 877).
Contrary to the petitioner's contention, the NYCTA did not acquire timely, actual knowledge of the essential facts constituting the petitioner's claim by virtue of the reports prepared by the NYCTA's employees or the police accident report. The Operator's Daily Trip Sheet and the police accident report did not indicate that anyone was injured in the accident, and the Supervisor's Accident/Crime Investigation Report stated that nobody was injured in the accident. Thus, the petitioner failed to establish that these reports provided actual notice of the facts constituting the petitioner's claim that she sustained serious injuries as a result of the NYCTA's negligence (see Matter of Harding v Yonkers Cent. Sch. Dist., 170 AD3d 725, 726; Matter of Cuccia v Metropolitan Transp. Auth., 150 AD3d 849, 850; Peters-Heenpella v Wynn, 105 AD3d 725, 726).
Furthermore, the petitioner did not proffer any excuse for the failure to serve a timely notice of claim and the delay in commencing this proceeding (see Matter of Wilson v City of New York, 160 AD3d 970, 971; Matter of D'Agostino v City of New York, 146 AD3d 880, 882; Matter of Joseph v City of New York, 101 AD3d 721). Moreover, the petitioner failed to present "some evidence or plausible argument" that her more than three-month delay in serving a notice of claim and commencing this proceeding did not substantially prejudice the NYCTA in defending on the merits (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466; see Matter of Fethallah v New York City Police Dept., 150 AD3d 998, 1001). Notably, the delay prevented the NYCTA from promptly obtaining a medical examination of the petitioner (see Matter of Harding v Yonkers Cent. Sch. Dist., 170 AD3d at 727; Peters-Heenpella v Wynn, 105 AD3d at 726; Matter of Jackson v Newburgh Enlarged City School Dist., 85 AD3d 1031, 1032).
Accordingly, the Supreme Court providently exercised its discretion in denying the petition and, in effect, dismissing the proceeding.
MASTRO, J.P., HINDS-RADIX, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court